UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Richard John Golinvaux and Renee Karen Golinvaux, | Case No. 24-30007 |
| Debtors. | |

OBJECTIONS OF THE UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE TO THE CONFIRMATION
OF THE DEBTORS' CHAPTER 13 PLAN

THE UNITED STATES OF AMERICA, Internal Revenue Service ("IRS"), by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Adine S. Momoh, Assistant United States Attorney, submits the following objections to the confirmation of the Chapter 13 plan (ECF No. 18) proposed by Richard John Golinvaux and Renee Karen Golinvaux (the "Debtors"):

1. The confirmation hearing is scheduled for Thursday, May 16, 2024, at 10:30 a.m. in Courtroom 8 West, 8th Floor, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, before the Honorable Katherine A. Constantine, Chief United States Bankruptcy Court Judge for the District of Minnesota.

2. The Court has jurisdiction over these objections pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding. The petition commencing this Chapter 13 case was filed January 3, 2024 (the "Petition Date"). This case is now pending in this Court.

3. These objections arise under 11 U.S.C. §§ 502(a); 1308, 1322(a)(2); 1325(a)(5), (6) and (9); and Fed. R. Bankr. P. 3015. These objections are filed under Fed. R. Bankr. P. 9013 and 9014 and Local Rules 3015-3, 3020-1, 3020-3, and 9013-1, *et seq.*

4. The IRS has a secured claim of $19,977.04, an unsecured priority claim of $87,472.92, and a general unsecured claim of $427,206.56 against the Debtors. The total claim is $534,656.52, as set forth in the IRS Proof of Claim (Claim No. 27-1), a true and correct copy of which is attached hereto as **Exhibit A**. No objections to the IRS's claims have been filed. Accordingly, the claims are deemed allowed pursuant to 11 U.S.C. § 502(a).

5. The IRS may have additional priority and general unsecured claims due from these Debtors, but they are undetermined because the Debtors have not filed federal income tax returns for the years 2018, 2021, and 2022. (*See* Declaration of Denise Hatcher, Bankruptcy Specialist.)

6. Without a determination of the actual amount of the IRS's priority claim, the feasibility of the Debtors' plan cannot be determined in accordance with 11 U.S.C. § 1322(a)(2).

7. While the plan provides that the Chapter 13 Trustee will pay the allowed portion of the priority amount listed in proofs of claim, and the IRS is identified as a priority creditor therein, the plan only lists $56,659.00 to be paid on the IRS's priority claim. The plan does not comply with 11 U.S.C. § 1322(a)(2) because it only proposes to pay $56,659.00 on the IRS's priority claim, and the IRS does not agree with this different treatment. Therefore, the plan cannot be confirmed.

8. The Debtors' plan also does not provide for any payment on the IRS's secured claim. As the IRS has not accepted the plan, it cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(5).

9. Further, the plan is not feasible and does not comply with 11 U.S.C. § 1325(a)(6) in that the Debtors do not have sufficient income to fund a plan that provides for payments to the IRS of $107,449.96 for its secured and priority claims, plus 8% interest over five years on the secured portion of its claims. The Debtors' Schedule J shows monthly net income of $1,707.90 to

fund a plan. This amount is insufficient to fund a plan that properly provides for the IRS's secured and priority claims and the other secured and priority claims included in the proposed plan. The plan is underfunded.

10. On January 31, 2024, the Section 341 Meeting of Creditors was held, and it concluded on February 2, 2024.

11. To date, the Debtors' 2018, 2021, and 2023 federal tax returns remain unfiled.

12. Pursuant to 11 U.S.C. § 1325(a)(9), the plan cannot be confirmed because the Debtors failed to file all applicable federal, state, and local tax returns as required by 11 U.S.C. § 1308. In particular, the Debtors have failed to file their federal income tax returns for all taxable periods ending during the four-year period ending on the Petition Date. (*See* Declaration of Denise Hatcher, Bankruptcy Specialist.)

13. A separate memorandum of law is attached.

WHEREFORE, for the foregoing reasons, the IRS prays that the Chapter 13 plan filed by the Debtors be denied confirmation and for such further relief as may be just and equitable.

Dated:  May 9, 2024

      ANDREW M. LUGER
      United States Attorney

      *s/ Adine S. Momoh*

      BY: ADINE S. MOMOH
      Assistant U.S. Attorney
      Attorney ID Number 0390085
      600 United States Courthouse
      300 South Fourth Street
      Minneapolis, MN 55415
      Phone: 612-664-5600
      Email: Adine.Momoh@usdoj.gov

      Attorneys for the United States of
        America, Internal Revenue Service