UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30007-KAC |
| | ) | |
| **Richard John Golinvaux, and Renee Karen Golinvaux,** | ) | **NOTICE OF HEARING ON CONFIRMATION OF PRECONFIRMATION MODIFIED CHAPTER 13 PLAN DATED MARCH 18, 2025** |
| Debtor(s). | ) | |

TO: Chapter 13 Trustee; U.S. Trustee; all creditors of the debtors; and any other parties in interest.

1. Debtors in the above captioned chapter 13 case hereby serve notice of filing of a Preconfirmation Modified Chapter 13 Plan pursuant to Minnesota Local Bankruptcy Rule 3015-1(c). A copy of the modified chapter 13 plan dated March 18, 2025, is attached hereto.

2. The court will hold a hearing on confirmation of this Preconfirmation Modified Chapter 13 Plan at **10:30 a.m. on Thursday, April 17, 2025,** in U.S. Bankruptcy Court, Courtroom 8 West, 300 South Fourth St., Minneapolis, Minnesota. Any objection to confirmation of this modified chapter 13 plan must be served and filed not later than **10:30 a.m. on Tuesday, April 15, 2025**, which is 48 hours before the hearing.

March 18, 2025
Date

Respectfully submitted,

/s/ Craig W. Andresen

Craig W. Andresen, #186557
Attorney for Debtor
3800 W. American Blvd., Suite 1500
Bloomington, MN 55431
(952) 831-1995
craig@andresenlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Richard John Golinvaux, and Renee Karen Golinvaux,

Debtor.
*In a joint case, debtor means debtors in this plan.*

Case No. 24-30007-KAC
CHAPTER 13 PLAN ☑ Modified
Dated MARCH 18, 2025

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $ 28,820.00 .
2.2 After the date of this plan, the debtor will pay the trustee $ 165,400.00 .

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| 3,150.00 | 2/25 | 1/27 | 75,600.00 |
| 3,660.00 | 2/27 | 1/29 | 87,840.00 |
| | | TOTAL: | 163,440.00 |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee $1,960.00 by 2/28/25. .
2.5 The debtor will pay the trustee a total of $ 194,220.00 [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ 19,422 [line 2.5 x .10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of property |
|---|---|---|
| 4.1 | n/a | |
| 4.2 | | |

**Part 5. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | n/a | |
| 5.2 | | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | # of payments | Remaining Payments | + *amount paid to date by Trustee (mod plan only)* | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Carrington (1st) | 4,173 | 4,173 | 2/25 - 4/25 | 1 | | | 4,173 |
| 6.2 | Carrington (2nd) | | (see | Par. 16.4) | | | | |
| | | | (see also Par. 8.3) | | | | TOTAL: | 4,173 |

**Part 7. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + *amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Wilds Assn. | 5,987 | 0 | 9/25 | 5,987 | 1 | | | 5,987 |
| | | | | | | | | TOTAL: | 5,987 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Pay-ments | Remaining payments | + *amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 | Topline Credit Union | 5,229 | 5,229 | 5.5 | ☐ | (pro | rata from | 4/25 | thru | | 5,695 |
| | | | | | | | | | 6/25) | | |
| 8.2 | Santand-er USA | 15,523 | 15,523 | 10.5 | ☑ | 2/24 | 328.00 | 60 | | | 19,680 |
| 8.3 | Carrington Mortgage Services | $157,360 (the filed secured claim shall be the secured claim amount) | | 8.0 | | 2/24 | $1,050 | 32 | | | 33,600 |

**TOTAL: 58,975**

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Pay-ments | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | IRS | $19,977 | 8% | ☐ | 2/24 | $133 | 32 | | (Interest amount only -- claim to be paid per Part 16.6) | $4,256 |
| 9.2 | MN Dept. of Revenue ($39,700 8% - to be paid at sale) | (See Part 16.6) | | ☐ | | | | | | (See Part 16.6) |
| | | | | | | | | | TOTAL: | $4,256 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Andresen Law | 6,000 | 4/25 | 6,000 | 1 | | | 6,000 |
| 10.2 | IRS | 66,201 | 10/25<br>10/26 | $966<br>$1,830 | 12 = $11,592<br>4 = $7,320 | 2/27: $2,069 x | 22.85 months =47,289 | 66,201 |
| 10.3 | MN Dept. of Rev. | 24,551 | 10/25<br>10/26 | $358<br>$677 | 12 = $4,296<br>4 = $2,688 | | | 24,551 |
| | | | 2/27 | $766 | 22.93 = $17,567 | | TOTAL: | 96,552 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 11.1 | n/a | | | | | | | |
| 11.2 | | | | | | | | |
| 11.3 | | | | | | | | |
| | | | | | | | TOTAL: | |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of pay-ments | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 12.1 | n/a | | | | | | | | |
| | | | | | | | | TOTAL: | |

**Part 13. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ 4,655 [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ 0 .
13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are $ 49,910 .
13.3 Total estimated unsecured claims are $ 49,910 [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property (*including the complete legal description of real property)* |
|---|---|---|
| 15.1 | n/a | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

Part 16.2: The debtors shall pay to the trustee as an additional plan payment the portion of any income tax refunds received that exceeds $2,000 not including earned income credit or additional child tax credit.

Part 16.3: IMPORTANT: See attached Page 5 of this plan for additional provisions regarding treatment of second position mortgage held by Carrington Mortgage Services, treatment of secured claims held by Internal Revenue Service and Minnesota Dept. of Revenue, and avoidance of judgment liens pursuant to 11 U.S.C. section 522(f).

**SUMMARY OF PAYMENTS:**

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $ 19,422.00 |
| Home mortgages in default [Part 6] | $ 4,173.00 |
| Claims in default [Part 7] | $ 5,987.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ 58,975.00 |
| Secured claims excluded from § 506 [Part 9] | $ 4,256.00 |
| Priority claims [Part 10] | $ 96,752.00 |
| Domestic support obligation claims [Part 11] | $ 0.00 |
| Separate classes of unsecured claims [Part 12] | $ 0.00 |
| Timely filed unsecured claims [Part 13] | $ 4,655.00 |
| TOTAL (must equal line 2.5) | $ 194,220.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: /s/ Craig W Andresen#186557
Attorney for debtor

Signed: /s/Richard Golinvaux
Debtor 1

Signed: /s/Renee Golinvaux
Debtor 2 (if joint case)

**U.S. BANKRUPTCY COURT – DISTRICT OF MINNESOTA**
**Richard J. Golinvaux and Renee K. Golinvaux, Case No. 24-30007-KAC**
**Page 5, Modified Chapter 13 Plan, Dated March 18, 2025**

Part 16.4: <u>Second Position Mortgage Claim Held by Carrington Mortgage Services, LLC. to be Paid in Full By Month 32.</u> Pursuant to 11 U.S.C. section 1322(c)(2), the creditor's rights are modified pursuant to section 1325(a)(5), section 506, and other applicable sections of Title 11, as follows: the annual interest rate shall be 8 percent, the remaining balance on the claim as of the petition date is $155,805.47, and such remaining balance shall be the amount of the secured claim for which the creditor retains its lien in full as modified herein, until the claim as modified is paid in full. Commencing in month 1 of this plan, to-wit February 2024, the trustee shall pay from funds on hand the sum of $1,050.00 per month to the creditor for 32 months, totaling $33,600.00. The sum of $1,050.00 per month represents the monthly interest accruing upon this claim at the rate of 8 percent per year. Upon completion of the 32 monthly payments due under the plan, and in month 32, the creditor has the right to be paid the claim amount of $155,805.47 plus reasonable attorneys' fees and costs, and other reasonable charges or disbursements allowed under the note and mortgage. Such payment of $155,805.47 shall not be paid from funds on hand paid into the plan, but shall be paid from the debtor's own funds from proceeds of such sale.

Part 16.5: <u>Avoidance of judgment liens pursuant to section 522(f)</u>. The order confirming this plan shall constitute an order avoiding the following judgment lien pursuant to section 522(f), and the same shall no longer impair the debtor's interest in their homestead real property located at 3360 Wood Duck Drive N.W., Prior Lake, Minnesota, legally described as Lot 24, Block 1, The Wilds Addition to Scott County, Minnesota:

Judgment in favor of Discover Bank, docketed 8/21/2019 in Scott County, Minnesota, docket no. 70-CV-19-14146, in the amount of 15,558.42.

Part 16.6: <u>Secured Caims Held by IRS and Minnesota Revenue; Duty to File Tax Returns and Pay Taxes</u>. IRS and Minesota Revenue have secured claims, and they will retain their liens upon the debtors' homestead real property located at 3360 Wood Duck Drive N.W, Prior Lake, Minnesota, and the personal property, until payment of their claims in full as determined under applicable nonbankruptcy law, including 8% interest per annum. These claims will be paid in full from proceeds of sale of debtors' homestead real property as described in Part 16.7. With respect to treatment of the IRS's secured claim, per Part 9.1, the IRS will receive from the trustee 8% interest on its claim beginning February 2024 for Month 1 through Month 32. The IRS will receive from the debtors 8% interest on its claim in Month 32 in addition to full payment of its claim from proceeds of sale of debtors' homestead real property as described in Part 16. 7.

Part 16.7: <u>Carrington Second Mortgage Claim</u>.

By June 1, 2026 (Month 29), the debtors must list the property for sale on the MLS or equivalent listing service. A for sale by owner listing or a listing on Craigslist or Facebook marketplace is not sufficient.

By August 15, 2026 (Month 31), the debtors must have a signed purchase agreement to sell the proper ty.

By September 25, 2026 (Month 32), the debtors must close a sale of the property and pay Carrington's second mortgage claim in full. There will be no exte[illegible]ons.

<<PAGE 5>>

Document Page 7 of 13

**U.S. BANKRUPTCY COURT – DISTRICT OF MINNESOTA**
**Richard J. Golinvaux and Renee K. Golinvaux, Case No. 24-30007-KAC**
**Page 6, Modified Chapter 13 Plan, Dated March 18, 2025**

Part 16.7 (cont'd):

If the debtors fail to make two or more of the required monthly plan payments to the Trustee and that causes the Trustee to be unable to remit the interest-only payments to Carrington, then Carrington may serve a notice of default on the debtors, the debtors' attorney, and the Chapter 13 Trustee, by first class mail. Unless the debtors cure the default within ten (10) days after service of said notice, Carrington or its attorney may file an affidavit of default with the court and may be entitled to relief from the automatic stay.

If the debtors fail to comply with the sale-related deadlines listed above, then Carrington may serve a notice of default on the debtors and the debtors' attorney. Unless the debtors cure the default within ten (10) days after service of said notice, Carrington or its attorney may file an affidavit of default with the court and may be entitled to an order for dismissal of this case.

Nothing in this Part shall be construed to prevent the trustee from filing a motion to dismiss in the event of a default by the debtors in the performance of any obligation or duty imposed in this plan.

Part 16.8: Tax Provisions. Debtors will timely file as and when due any and all post-petition federal and state income tax returns and will timely pay any post-petition federal and state income taxes. Should Debtors default on timely filing of returns, and/or payment of post-petition federal and state income taxes, the IRS and Minnesota Department of Revenue may be entitled to an order for dismissal of this case on the filing of an affidavit with the Court that attests to such default, and also that the IRS and Minnesota Department of Revenue have mailed a letter by first class mail to Debtors and Debtors' counsel that gave notice of said default and a 30-day period to cure, and that such cure had not been performed. Such an affidavit must be served upon the debtors, their attorney, and the trustee. In the event of any hearing upon such an affidavit, the debtors may only oppose the relief requested on the ground that no default existed on the obligations imposed by this paragraph.
<<END OF DOCUMENT>>

<<PAGE 6>>

In re:

RICHARD AND RENEE GOLINVAUX,

Debtor(s).

U.S. Bankruptcy Court
District of Minnesota

AFFIDAVIT OF SERVICE

BKY NO. 24-30007-KAC

I, Craig W. Andresen, attorney licensed to practice law in this court, with office address of 3800 W. American Blvd., Suite 1500, Bloomington, Minnesota 55431, declare under penalty of perjury that on MARCH 19, 2025, I served the NOTICE OF HEARING ON CONFIRMATION OF PRECONFIRMATION MODIFIED CHAPTER 13 PLAN DATED MARCH 18, 2025, as described below.

---

BY U.S. MAIL:

See attached list.

BY ECF:

Gregory A Burrell
cmecfjzkmn@ch13mn.com

Gregory A Burrell on behalf of Trustee Gregory A Burrell
cmecfjzkmn@ch13mn.com

Kevin T. Dobie on behalf of Interested Party Carrington Mortgage Services, LLC
kevin@MinnesotaMortgageLaw.com, maria@uwllaw.com,kaye@uwllaw.com

Kevin T. Dobie on behalf of Interested Party The Bank of New York Mellon, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3
kevin@MinnesotaMortgageLaw.com, maria@uwllaw.com,kaye@uwllaw.com

Jeremy D. Eiden on behalf of Interested Party Minnesota Department of Revenue
jeremy.eiden@ag.state.mn.us, jeremy.eiden@gmail.com

Bradley J. Halberstadt on behalf of Creditor Santander Consumer USA Inc.
bankruptcy@szjlaw.com

Adine S. Momoh on behalf of Interested Party United States of America, Internal Revenue Service
adine.momoh@usdoj.gov,
usamn.ecfbankruptcy@usdoj.gov;Caseview.ECF@usdoj.gov;barbara.wilson@usdoj.gov;darcie.boschee@usdoj.gov

US Trustee
ustpregion12.mn.ecf@usdoj.gov

Dated: March 19, 2025.

Signed: /e/ Craig W. Andresen
Craig W. Andresen, Attorney

Label Matrix for local noticing
0864-3
Case 24-30007
District of Minnesota
St Paul
Wed Mar 19 14:09:43 CDT 2025

Carrington Mortgage Services, LLC
4500 Park Glen Road
Suite 300
St. Louis Park, MN 55416-4891

Minnesota Department of Revenue
600 North Robert Street
St. Paul, MN 55146-0010

Santander Consumer USA Inc.
c/o Stewart, Zlimen & Jungers, Ltd.
2860 Patton Road
Roseville, MN 55113-1100

The Bank of New York Mellon, F/K/A The Bank
4500 Park Glen Road, Suite 300
Minneapolis, MN 55416-4891

United States of America, Internal Revenue S
c/o Adine S. Momoh
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415-1320

St Paul
200 Warren E. Burger Federal Building
and U.S. Courthouse
316 N Robert St
St Paul, MN 55101-1495

ALLINA COLLECTION DEPARTMENT
2925 CHICAGO AVENUE
MINNEAPOLIS MN 55407-1321

AMERICAN EXPRESS
20500 BELSHAW AVE STE A
CARSON CA 90746-3506

AMERICAN EXPRESS
PO BOX 1270
NEWARK NJ 07101-1270

AMERICAN EXPRESS
PO BOX 918537
EL PASO TX 79998

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

BANK OF NEW YORK MELLON
225 LIBERTY STREET
NEW YORK NY 10281-1048

BANK OF NEW YORK MELLON
255 2ND AVENUE SOUTH
MINNEAPOLIS MN 55401-2120

BANK OF NEW YORK MELLON
C/O WEINGARDEN LIEBO ET AL.
4500 PARK GLEN RD STE 300
MINNEAPOLIS MN 55416-4891

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

CAPITAL ONE
PO BOX 1269
GREENVILLE SC 29602-1269

CAPITAL ONE
PO BOX 71087
CHARLOTTE NC 28272-1087

(p)CARRINGTON MORTGAGE SERVICE LLC
1600 S DOUGLAS RD SUITE 110
ANAHEIM CA 92806-5951

CBNA
PO BOX 6789
SIOUX FALLS SD 57117-6789

CITIBANK
C/O MESSERLI & KRAMER PA
3033 CAMPUD DRIVE SUITE 250
PLYMOUTH MN 55441-2685

CITIBANK
PO BOX 6000
THE LAKES NV 89163-6000

CITIBANK
PO BOX 6500
SIOUX FALLS SD 57117-6500

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

CITIBANK
PO BOX 9001037
LOUISVILLE KY 40290-1037

COMENITY BANK
C/O MESSERLI & KRAMER PA
3033 CAMPUS DRIVE STE 250
PLYMOUTH MN 55441-2685

COMENITY BANK
PO BOX 182789
COLUMBUS OH 43218-2789

COMMISSIONER OF INTERNAL
REVENUE
1111 CONSTITUTION AVE NW
WASHINGTON DC 20224-0001

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

CREDIT ONE BANK
PO BOX 6500
CITY OF INDUSTRY CA 91716

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD  57108-5027

DISCOVER BANK
C/O ZWICKER AND ASSOCS
3050 METRO DRIVE STE 115
BLOOMINGTON MN 55425-1678

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

DISCOVER BANK
PO NBOX 30939
SALT LAKE CITY UT 84130-0939

Directv, LLC
by American InfoSource as agent
PO Box 5072
Carol Stream, IL  60197-5072

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

Discover Bank
P.O. Box 3025
New Albany, Oh 43054-3025

EXPRESS
C/O MESSERLI & KRAMER
3033 CAMPUS DRIVE STE 250
PLYMOUTH MN 55441-2685

EXPRESS
PO BOX 182508
COLUMBUS OH 43218-2508

EXPRESS CARD
COMENITY BANK
PO BOX 659728
SAN ANTONIO TX 78265

HONORABLE MERRICK GARLAND
US ATTORNEY GENERAL
950 PENNSYLVANIA AVE
WASHINGTON DC 20530-0001

INTERNAL REVENUE SERVICE
P.O. Box 7346
Philadelphia, PA  19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JPMCB
PO BOX 15369
WILMINGTON DE 19850-5369

KOHLS
PO BOX 3115
MILWAUKEE WI 53201-3115

LVNV FUNDING
55 BEATTIE PLACE
GREENVILLE SC 29601-2165

LVNV FUNDING
C/O MESSERLI & KRAMER PA
3033 CAMPUS DRIVE STE 250
PLYMOUTH MN 55441-2685

LVNV FUNDING LLC
RODENBURG LAW FIRM PA
1004 E CENTRAL AVE PO BOX 4127
BISMARCK ND 58502-4127

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MACY'S
PO BOX 6789
SIOUX FALLS SD 57117-6789

(p)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2239

MILESTONE CARD
BANKCARD SERVICES
PO BOX 4477
BEAVERTON OR 97076-4401

MINNESOTA DEPT OF REVENUE
COLLECTION ENFORCEMENT - BKY
PO BOX 64447, LOCATION 511
ST PAUL MN 55164-0447

MINNESOTA DEPT OF REVENUE
PO BOX 64649
ST PAUL MN 55164-0649

NORDSTROM/TD BANK
13531 E CALEY AVE
ENGLEWOOD CO 80111-6505

NORDSTROMS
PO BOX 6566
ENGLEWOOD CO 80155-6566

(p)PCA ACQUISITIONS V  LLC
1002 JUSTION STREET
WILMINGTON DE 19801-5148

PIER ONE C/O COMENITY BANK
PO BOX 18289
COLUMBUS OH 43218

Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud MN 56302-7999

Quantum3 Group LLC as agent for
Concora Credit Inc.
PO Box 788
Kirkland, WA  98083-0788

(p)RODENBURG LAW FIRM
PO BOX 2427
FARGO ND 58108-2427

SANTANDER CONSUMER USA
P.O. Box 560284
Dallas, TX 75356-0284

SANTANDER CONSUMER USA
PO BOX 961245
FORT WORTH TX 76161-0244

SECRETARY OF THE US TREASURY
1500 PENNSYLVANIA AVE NW
WASHINGTON DC 20220-0001

SPECIAL FINANCING
2504 BUILD AMERICA DR
HAMPTON VA 23666-3223

SUBURBAN EMERGENCY ASSOCIATES
EMERGENCY DEPT/URGENT CARE
PO BOX 46100
PLYMOUTH MN 55446-0100

SUBURBAN EMERGENCY ASSOCS
14700 28TH AVE N STE 25
MINNEAPOLIS MN 55447-4884

Smith Jadin Johnson PLLC
7900 Xerxes Ave S., Suite 2020
Bloomington, MN 55431-1132

State of Minnesota, Department of Revenue
PO Box 64447 - BKY
St. Paul, MN 55164-0447

TD Bank
Jefferson Capital Systems, LLC Assignee
PO Box 7999
St. Cloud, MN 56302-7999

TOPLINE FEDERAL CREDIT UNION
9353 JEFFERSON HWY
MAPLE GROVE MN 55369-4240

The Wilds Homeowners Association
Smith Jadin Johnson, PLLC
7900 Xerxes Ave S., Suite 2020
Bloomington, MN 55431-1132

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

UNITED STATES ATTORNEY
316 N ROBERT ST STE 404
ST PAUL MN 55101-1567

(p)U S  BANK
4801 FREDERICA STREET
OWENSBORO KY 42301-7441

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

WELLS FARGO FINANCIAL
3201 N AVENUE
SIOUX FALLS SD 57104

WELLS FARGO FINANCIAL
PO BOX 393
MINNEAPOLIS MN 55480-0393

WELLS FARGO FINANCIAL
PO BOX 98795
LAS VEGAS NV 89193-8795

WILDS HOMEOWNERS ASSOCIATION
7100 NORTHLAND CIR N STE 100
BROOKLYN PARK MN 55428-1548

WILDS HOMEOWNERS ASSOCIATION
C/O SMITH JADIN JOHNSON
7900 XERXES AVE S STE 2020
MINNEAPOLIS MN 55431-1132

Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Bank, N.A. Wells Fargo Card Serv
PO Box 10438, MAC F8235-02F
Des Moines, IA  50306-0438

Craig W. Andresen
Craig W Andresen, Attorney
3800 W. American Blvd.
Suite 1500
Bloomington, MN 55431-4429

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

Renee Karen Golinvaux
3360 Wood Duck Drive N. W.
Prior Lake, MN 55372-3203

Richard John Golinvaux
3360 Wood Duck Drive N. W.
Prior Lake, MN 55372-3203

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CARRINGTON MORTGAGE
PO BOX 5001
WESTFIELD IN 46074

(d)CARRINGTON MORTGAGE
PO BOX 54285
IRVINE CA 92619

(d)CARRINGTON MORTGAGE SERVICING
1600 S DOUGLAS ROAD STE 200A
ANAHEIM CA 92806

CITIBANK
PO BOX 78045
PHOENIX AZ 85062

(d)Carrington Mortgage Services, LLC
1600 South Douglass Road
Anaheim CA 92806

DISCOVER BANK
PO BOX 15316
WILMINGTON DE 19850

INTERNAL REVENUE SERVICE
PO BOX 802501
CINCINNATI OH 45280

(d)INTERNAL REVENUE SERVICE
STOP 5700
30 EAST 7TH STREET SUITE 1222
ST PAUL MN 55101-4940

(d)IRS INSOLVENCY UNIT
30 E 7TH ST STE 1222
SAINT PAUL MN 55101

MACY'S
PO BOX 9001094
LOUISVILLE KY 40290-1094

PCA ACQUISITIONS V
1002 JUSTISON ST
WILMINGTON DE 19801

(d)PCA Acquisition V, LLC
Phillips & Cohen Associates, LTD
1002 Justison Street
Wilmington, DE 19801

RODENBURG LAW FIRM
300 NP AVE N #105
PO BOX 2427
FARGO ND 58108-2427

U.S. Bank National Association
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

US BANK
PO BOX 3447
OSHKOSH WI 54903

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

(d)LVNV FUNDING LLC
55 BEATTIE PLACE
GREENVILLE SC 29601-2165

End of Label Matrix
Mailable recipients    88
Bypassed recipients     2
Total                  90