UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| | | |
|---|---|---|
| In re: | ) | **Case No. 24-30007-KAC** |
| | ) | Chapter 13 |
| Richard John Golinvaux, and | ) | |
| Renee Karen Golinvaux, | ) | *<u>REQUEST FOR EXPEDITED RELIEF</u>* |
| | ) | |
| | ) | **NOTICE OF HEARING AND** |
| | ) | **MOTION OF DEBTORS FOR ORDER** |
| | ) | **ALLOWING SALE OF PROPERTY** |
| | ) | **FREE AND CLEAR OF LIENS** |
| Debtors. | ) | **PURSUANT TO 11 U.S.C. SECTION** |
| | ) | **363(f)** |

_____

TO:    United States of America;    Internal Revenue Service;    Gregory Burrell, Chapter 13 Trustee;    U.S. Trustee;    Minnesota Department of Revenue;    Carrington Mortgage Servicing LLC,    Discover Financial Services LLC;    and any other parties entitled to notice.

1.      The debtors in the above captioned chapter 13 case, Richard and Renee Golinvaux, through their attorney Craig W. Andresen, hereby move the court for the relief requested herein, on an expedited basis pursuant to Minnesota Local Rule 9006-1(d).    The debtors give notice that they seek an order authorizing sale of the real property located at 3360 Wood Duck Drive N.W., Prior Lake, Minnesota 55372, free and clear of liens or other interests, pursuant to 11 U.S.C. section 363(f).

2.      The court will hold a hearing on this motion before the Honorable Katherine A. Constantine, Chief U.S. Bankruptcy Judge, at 11:00 a.m. on Tuesday, July 21, 2026, in Courtroom 8, U.S. Courthouse, 300 South Fourth St., Minneapolis, Minnesota.    Pursuant to Local Rule 9006-1(d), any responsive pleading must be filed no later than 9:00 a.m. on Tuesday, July 21, 2026, which is two hours before the time set for the hearing.    UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

3.      This court has jurisdiction over this proceeding pursuant to 28 U.S.C.

sections 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.     This is a core proceeding.     This motion is filed pursuant to 11 U.S.C. sections 363(f) and 1327(a), Fed. R. Bankr. P. 6004(b), 6004(c), 6004(e),  6004(f), and 6004(h), Fed. R. Bankr. P. 9006(c), Fed. R. Bankr. P. 9014, and Minnesota Local Bankruptcy Rule 9006-1(d).

3.      The debtors move the court for an order pursuant to 11 U.S.C. section 363(b) – (h) permitting the sale of the real property located at 3360 Wood Duck Drive N.W., Prior Lake, Minnesota 55372, free and clear of liens or other interests, and for the satisfaction of such liens or other interests to be made from the proceeds of such sale. The property is to be sold for its fair market value which is $745,000.00, and the proceeds are to be distributed to the four claimants with valid liens on the property: Carrington Mortgage Servicing LLC's first and second mortgages of $500,199.14 and $159,381.12 respectively, Internal Revenue Service $19,977.00 plus 8% interest, and Minnesota Department of Revenue $ 42,756.52.     The remaining $22,686.22 is for costs of sale.     The debtors will not receive any of the sale proceeds.     The liens of these four lien/interest claimants will attach to the sale proceeds in these amounts, and such liens will then be paid from the proceeds of the sale, in approximately these amounts, and the debtors request that the court order accordingly.

4.      An expedited hearing is needed due to the pending real estate sale which was originally scheduled for closing on June 26, 2026.     The difficulty which has prevented the sale from closing was unexpected, and the debtors reasonably expected the closing would be able to proceed without need for any further order from the court, other the order confirming the plan on April 7, 2025.     However, as explained further in the attached Memorandum, despite the confirmed plan's provisions for sale of the Wood Duck Drive property, one of the lien claimants is unwilling to proceed on the basis of the confirmed plan, and its unwillingness was unexpected.     This situation leaves the debtor in need of relief from the court on an expedited basis.     The debtors therefore

request that court enter an order authorizing the sale of the Wood Duck Drive property free and clear of liens, and that the proceeds be applied first to the outstanding Carrington first and second mortgages, and then to the Internal Revenue Service in the amount of $19,977.00 plus 8% interest from February 2024, and the Minnesota Department of Revenue in the amount of $42,756.52, representing the plan's provision of a secured claim of $39,700.00 plus 8% interest, with the balance being paid to valid closing costs as detailed in the attached ALTA seller's estimate, and for any other relief which would be just, equitable, or otherwise warranted in the circumstances.     The debtors further request that the court waive any stay of its order pursuant to Rule 6004(h), Federal Rules of Bankruptcy Procedure.

Respectfully submitted:

Dated: <u>July 12, 2026</u>         <u>/s/Craig W. Andresen</u>
Craig W. Andresen, Attorney at Law
Attorney for the Debtors
Attorney ID No. 186557
3800 W. American Blvd., Suite 1500
Bloomington, Minnesota  55431'
(952) 831-1995
craig@andresenlaw.com
FAX (952) 854-4114

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| | | |
|---|---|---|
| In re: | ) | **Case No. 24-30007-KAC** |
| | ) | Chapter 13 |
| Richard John Golinvaux, and | ) | |
| Renee Karen Golinvaux, | ) | **MEMORANDUM OF LAW AND FACT** |
| | ) | **IN SUPPORT OF MOTION OF** |
| | ) | **DEBTORS FOR ORDER PERMITTING** |
| | ) | **SALE OF PROPERTY FREE AND** |
| | ) | **CLEAR OF LIENS OR OTHER** |
| | ) | **INTERESTS IN PROPERTY** |
| Debtors. | ) | |

_____

TO:   United States of America, Internal Revenue Service;   Gregory Burrell, Chapter 13 Trustee;   U.S. Trustee;   Minnesota Department of Revenue;   Carrington Mortgage Servicing LLC,   Discover Financial Services LLC;   and any other parties entitled to notice.

1.      The debtors in the above captioned chapter 13 case, Richard and Renee Golinvaux, through their attorney Craig W. Andresen, hereby submit the following Memorandum of Law and Fact in support of the foregoing motion.

2.      This case was commenced voluntarily by the debtors as a chapter 13 case on January 3, 2024.    The debtors proposed a chapter 13 plan which sought to cure a small default in payments due to Carrington Mortgage Servicing, LLC, on a first mortgage on their homestead located at 3360 Wood Duck Drive N.W., Prior Lake, MN 55372, legally described as Lot 24, Block 1, The Wilds Third Addition, Scott County, State of Minnesota.    The plan also sought to classify the second mortgage, also owed to Carrington, in order to address a balloon payment.    The plan further sought to address priority claims owed to the Internal Revenue Service and Minnesota Department of Revenue, and it sought to place a value on secured claims owed to the Internal Revenue Service and Minnesota Department of Revenue.    The IRS and MNDOR tax liens were secured by both personal property and the real property located

Page 1

at 3360 Wood Duck Drive.     Finally, the plan sought to avoid pursuant to 11 U.S.C.
section 522(f) a judgment lien which arguably might have attached to the 3360 Wood
Duck Drive property.     Objections to the plan were filed by Carrington, IRS and
MNDOR.     The court appointed the Honorable William J. Fisher as a mediator.     After
negotiations, the mediator secured the agreement of all parties to terms in settlement of
their differences, which terms were set forth in the chapter 13 plan confirmed on April
17, 2025.     (A copy of the confirmed plan is attached hereto and labeled **Exhibit A**).
The plan provided for eventual sale of the Wood Duck Drive property, with Carrington to
be fully paid for both its first and second mortgage secured claims.     The IRS and
MNDOR were to be fully paid for their secured claims along with 8% interest up to
closing of the sale.     Pursuant to Part 9, and Part 16.6, of the confirmed plan, the IRS
was to receive $19,977.00 plus 8% interest, at closing of the sale of the Wood Duck
Drive property, in full payment of its secured claim, and MNDOR was to receive
39,700.00 plus 8% interest, at closing of the sale of the Wood Duck Drive property, in
full payment of its secured claim.     The plan further provided that the IRS would
receive $133.00 per month, commencing upon confirmation, for such 8% interest.     (A
copy of the bankruptcy court Claims Register as it appeared on 7/13/26 listing the
amount of both the IRS and MNDOR secured claim amounts is attached as **Exhibit B**.)
The debtors have paid $78,030.00 into the plan for distribution to creditors, and they are
substantially current on plan payments.     (A copy of the trustee's Status Report is
attached as **Exhibit C**.)

3.     In accordance with the terms of the plan, the debtors signed a purchase
agreement (a copy of which is attached as **Exhibit D**) on May 18, 2026, by which they
were to sell the Wood Duck Drive property for $745,000.00 to a married couple who are
qualified buyers intending to move into and occupy such property.     A "pre-closing"
was scheduled for June 24, 2026, and closing was scheduled for June 26, 2026.     The
purchase price was sufficient to pay all secured claims in full, including the Carrington

Page 2

first mortgage claim (in full to the satisfaction Carrington), the Carrington second mortgage claim, the IRS secured claim of $19,977.00 plus interest, the MNDOR secured claim of $39,700.00 plus interest, realtor fees, closing costs, and with no payment to the debtors from the purchase price or proceeds.    (See ALTA SETTLEMENT STATEMENT – SELLER, attached as **Exhibit E**.)    The closing firm sought and received payoff figures from Carrington, the IRS, and MNDOR. Carrington and MNDOR provided payoff figures which fixed the payments due at closing to the first and second mortgages, and due to the MNDOR for its secured claim established in Part 9 of the confirmed plan.    However, the IRS did not provide a payoff figure for its secured claim as established in Part 9 of the confirmed plan. When such a figure was requested, the IRS through the U.S. Attorney's Office informed the closing firm that payment of all the debtors' priority income taxes amounting to $272,476.97 had to be paid in order for the IRS to provide any document amounting to a satisfaction, release, or "certificate of discharge" (the IRS's term) of the tax lien it held upon the Wood Duck Drive property, in order to facilitate the closing as contemplated by the confirmed chapter 13 plan.

4.    Part 16.5 of the plan provided that an order confirming the plan would constitute the court's order avoiding any lien held by Discover Bank upon the 3360 Wood Duck Drive property due to the operation of 11 U.S.C. section 522(f).    Because the plan was confirmed on April 17, 2025, Discover Bank is no longer the holder of a secured claim.    Additionally, Discover Bank was never the holder of a valid secured claim, as Minnesota Statutes section 510.01 et seq. provide that a debtor's homestead real property is, within limits, exempt from the claims of a judgment creditor.    The debtors listed in their Schedule C filed upon the filing of this case their claim that the 3360 Wood Duck Drive property was their homestead, and no objection to this claim was ever filed by any party.    Because more than thirty days have passed since the time of the originally scheduled 341 meeting, Rule 4003(b), Federal Rules of

Bankruptcy Procedure, establishes that the debtors' claims of exemption are "final." Thus the debtors' claim that the Wood Duck Drive property is their homestead is final, and accordingly, no judgment lien could have arisen in favor of Discover Bank upon the Wood Duck property.     Even if it did, the confirmation order avoided any such lien.

5.     Rule 9006(c), Federal Rules of Bankruptcy Procedure, provides that for cause, and "with or without motion or notice," the court may reduce the time within which a rule requires or allows an act to be done.     Furthermore, Minnesota Local Bankruptcy Rule 9006-1(d) permits a party, "[i]f expedited relief is necessary and authorized by Federal Rule of Bankruptcy Procedure 9006(c)," to file and serve a motion upon less notice of hearing, and with less time to file a response, than the times prescribed in the foregoing portions of such Local Rule.     The debtors contend that the confirmed plan provided for a sale of the 3360 Wood Duck Drive property, and that the confirmed plan established the amount of the secured claim held by each party, including the secured claim of the IRS.     Part 16.6 of the confirmed plan established that the secure claim of the IRS would be paid in full when the 3360 Wood Duck Drive property was sold.     Based upon this plan language, the debtors did not expect a contest from the IRS regarding the amount of its secured claim.     When the property was sold and the attorneys for the IRS were contacted for a tax lien payoff figure, the request of the IRS for payment beyond the amounts fixed by the confirmed plan was unexpected.     These events underpin the debtors' request that this motion be heard on an expedited basis pursuant to Local Rule 9006-1(d), and with the times reduced pursuant to Rule 9006(c), Federal Rules of Bankruptcy Procedure.

6.     The debtors' motion is based upon the provisions of 11 U.S.C. sections 363(b) through 363(h).     The debtors move the court for an order permitting the sale of the real property located at 3360 Wood Duck Drive N.W., Prior Lake, Minnesota 55372, free and clear of all liens or other interests, and for such liens or other interests to attach to the proceeds of such sale in their respective orders, and for such liens to be satisfied

from the sale proceeds.

7.      The Wood Duck Drive property's fair market value is $745,000.00.      It is encumbered by a first mortgage in favor of Carrington Mortgage Servicing LLC in the amount of $500,199.14.      It is also encumbered by a second mortgage in favor of Carrington in the amount of $159,381.12.      Additionally, the IRS holds a secured claim, secured by a filed tax lien encumbering the Wood Duck Drive property.      The IRS filed a secured claim in the amount of $19,977.00 plus 8% interest, and the plan fixed its secured claim at that amount.      The MNDOR also holds a secured claim, secured by a filed tax lien encumbering the Wood Duck Drive property.      The plan fixed the amount of the MNDOR's secured claim at $39,700.00 with 8% interest, and its secured claim now amounts to $42,756.52.      There are no other lien claimants nor any other competing interests in the Wood Duck Drive property.      (Confirmation of the plan did contain language avoiding pursuant to section 524(f) a judgment lien in favor of Discover Bank, but under Minnesota law such a lien would be unenforceable against the Wood Duck Drive property by reason of Minn. Stat. sec. 510.01 et seq., and Discover never asserted that it had a lien nor did it assert that its lien could be enforced against the Wood Duck Drive property.)

8.      Section 363(b)(1) of the Bankruptcy Code provides that the trustee "after notice and hearing may use, sell or lease, other than in the ordinary course of business, property of the estate."    11 U.S.C. sec. 363(b)(1); *In re Hanson Industries*, 90 B.R. 405 (Bky. D. Minn. 1988).      Section 363(f) allows a trustee to sell property "free and clear of any interest in such property of an entity other than the estate," if one of five criteria is met.    *Lindsey v. Ipock*, 732 F.2d 619, 622 (8th Cir. 1984).      Section 363(f) provides:

> (f)      The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
> (1) applicable nonbankruptcy law permits the sale of such property free and

clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute;

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. section 1303 extends the rights of the trustee to the debtors in a chapter 13 proceeding, and the debtors herein believe that the best interests of the bankruptcy estate mandate that the sale be approved.    And, section 363(f) is satisfied with regard to each of the known liens against the Wood Duck Drive property. Carrington Mortgage Servicing LLC has provided payoff figures to the closing personnel involved in this sale for each of its two liens, indicating it likely will consent to a section 363 sale.    MNDOR has also provided the expected lien payoff figures to the closing personnel, indicating that it too will likely consent to a sale free and clear of liens.

9.    The IRS has communicated its position that its lien consists of $272,476.97, which is much greater than the confirmed plan's figure of $19,977.00. Thus the extent of its interest is in bona fide dispute, and section 363(f)(4) is satisfied.

10.    All liens will attach to the sale proceeds with the same dignity, validity, and enforceability, if any, as they had against the real property.    In other words, the liens that existed on the petition date, that were valid liens upon the real estate located at 3360 Wood Duck Drive N.W., Prior Lake, Minnesota 55372, will become liens upon and shall follow the sale proceeds, in the amounts for which each lien claimant had a valid lien against the real estate.

11.    Based upon the reasons set forth herein, the debtors request that the court order that the debtors be permitted to sell the Wood Duck Drive property pursuant to 11 U.S.C. section 363(f), and that such sale be made free and clear of all liens or competing interests in such property, and that such liens shall attach instead to the proceeds of the sale, and that the $745,000.00 sale proceeds shall be applied as

follows:

| | |
|---|---|
| Carrington First Mortgage | $500,199.14 |
| Carrington Second Mortgage | $159,381.12 |
| IRS Secured Claim | $19,977.00 (plus 8% interest) |
| Minnesota Dept. of Revenue Secured Claim | $42,756.52 |
| Closing Costs | $22,686.22 |

Because this sale free and clear of liens involves a real estate closing which has already been delayed for more than two weeks, the debtors request that the 14 day stay of an order approving the sale free and clear of liens, of Federal Rule of Bankruptcy Procedure 6004(h), not be imposed, and the court determine that the order authorizing sale free and clear of liens be effective immediately.

Respectfully submitted,

July 12,  2026
Date

/s/   Craig W. Andresen
Craig W. Andresen, #186557
Attorney for Debtors
3800 W. American Blvd., Suite 1500
Bloomington, MN  55431
(952) 831-1995
craig@andresenlaw.com

## VERIFICATION

We, Richard and Renee Golinvaux, the debtors herein, swear under penalty of perjury that the foregoing information is true and correct to best of our knowledge, information and belief.

/s/ Richard Golinvaux
Richard Golinvaux, Debtor

7/13/26
Date

/s/Renee Golinvaux
Renee Golinvaux, Debtor

7/13/26
Date

EXHIBIT A

Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Richard John Golinvaux, and Renee Karen Golinvaux,

Debtor.

*In a joint case, debtor means debtors in this plan.*

Case No. 24-30007-KAC
CHAPTER 13 PLAN  ☑ Modified
Dated   MARCH 18, 2025

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1   As of the date of this plan, the debtor has paid the trustee $ 28,820.00   .
2.2   After the date of this plan, the debtor will pay the trustee $ 165,400.00 .

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| 3,150.00 | 2/25 | 1/27 | 75,600.00 |
| 3,660.00 | 2/27 | 1/29 | 87,840.00 |
| | | TOTAL: | 163,440.00 |

2.3   The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4   The debtor will also pay the trustee  $1,960.00 by 2/28/25.                                                                    .
2.5   The debtor will pay the trustee a total of $  194,220.00               [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ 19,422    [line 2.5 x .10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed.  Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of property |
|---|---|---|
| 4.1 | n/a | |
| 4.2 | | |

**Part 5. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | n/a | |
| 5.2 | | |

Local Form 3015-1 (1/22)

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Carrington (1st) | 4,173 | 4,173 | 2/25 - 4/25 | 1 | | | 4,173 |
| 6.2 | Carrington (2nd) | | (see | Par. 16.4) | | | | |

(see also Par. 8.3)   TOTAL: 4,173

**Part 7. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Wilds Assn. | 5,987 | 0 | 9/25 | 5,987 | 1 | | | 5,987 |

TOTAL: 5,987

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin- ning in mo./yr. | Monthly payment | # of Pay- ments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 | Topline Credit Union | 5,229 | 5,229 | 5.5 | ☐ | (pro | rata from | 4/25 | thru 6/25) | | 5,695 |
| 8.2 | Santand- er USA | 15,523 | 15,523 | 10.5 | ☑ | 2/24 | 328.00 | 60 | | | 19,680 |
| 8.3 | Carrington Mortgage Services | $157,360 (the filed secured claim shall be the secured claim amount) | | 8.0 | | 2/24 | $1,050 | 32 | | | 33,600 |

**TOTAL: 58,975**

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Pay-ments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | IRS | $19,977 | 8% | ☐ | 2/24 | $133 | 32 | | (Interest amount only -- claim to be paid per Part 16.6) | |
| | | | | | | | | | | $4,256 |
| 9.2 | MN Dept. of Revenue ($39,700 8% - to be paid at sale) | (See Part 16.6) | | ☐ | | | | | (See Part 16.6) | |
| | | | | | | | | | TOTAL: | $4,256 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Andresen Law | 6,000 | 4/25 | 6,000 | 1 | | | 6,000 |
| 10.2 | IRS | 66,201 | 10/25 10/26 | $966 $1,830 | 12 = $11,592 4 = $7,320 | 2/27: $2,069 x | 22.85 months =47,289 | 66,201 |
| 10.3 | MN Dept. of Rev. | 24,551 | 10/25 10/26 | $358 $677 | 12 = $4,296 4 = $2,688 | | | 24,551 |
| | | | 2/27 | $766 | 22.93 = $17,567 | | TOTAL: | 96,552 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 11.1 | n/a | | | | | | | |
| 11.2 | | | | | | | | |
| 11.3 | | | | | | | | |
| | | | | | | | TOTAL: | |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of pay-ments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 12.1 | n/a | | | | | | | | |
| | | | | | | | | TOTAL: | |

**Part 13. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ 4,655    [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ 0          .
13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are $ 49,910     .
13.3 Total estimated unsecured claims are $ 49,910     [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor.  The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of property (including the complete legal description of real property) |
|---|---|---|
| 15.1 | n/a | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

Part 16.2: The debtors shall pay to the trustee as an additional plan payment the portion of any income tax refunds received that exceeds $2,000 not including earned income credit or additional child tax credit.

Part 16.3: IMPORTANT: See attached Page 5 of this plan for additional provisions regarding treatment of second position mortgage held by Carrington Mortgage Services, treatment of secured claims held by Internal Revenue Service and Minnesota Dept. of Revenue, and avoidance of judgment liens pursuant to 11 U.S.C. section 522(f).

**SUMMARY OF PAYMENTS:**

| Class of payment | Amount to be paid | |
|---|---|---|
| Payments by trustee [Part 3] | $ | 19,422.00 |
| Home mortgages in default [Part 6] | $ | 4,173.00 |
| Claims in default [Part 7] | $ | 5,987.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | 58,975.00 |
| Secured claims excluded from § 506 [Part 9] | $ | 4,256.00 |
| Priority claims [Part 10] | $ | 96,752.00 |
| Domestic support obligation claims [Part 11] | $ | 0.00 |
| Separate classes of unsecured claims [Part 12] | $ | 0.00 |
| Timely filed unsecured claims [Part 13] | $ | 4,655.00 |
| TOTAL (must equal line 2.5) | $ | 194,220.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: _/s/_____ Craig W Andresen#186557
         Attorney for debtor

Signed:_____/s/Richard Golinvaux_____
         Debtor 1

Signed:_____/s/Renee Golinvaux_____
         Debtor 2 (if joint case)

**U.S. BANKRUPTCY COURT – DISTRICT OF MINNESOTA**
**Richard J. Golinvaux and Renee K. Golinvaux, Case No. 24-30007-KAC**
**Page 5, Modified Chapter 13 Plan, Dated March 18, 2025**

Part 16.4:  <u>Second Position Mortgage Claim Held by Carrington Mortgage Services, LLC. to be Paid in Full By Month 32.</u>  Pursuant to 11 U.S.C. section 1322(c)(2), the creditor's rights are modified pursuant to section 1325(a)(5), section 506, and other applicable sections of Title 11, as follows: the annual interest rate shall be 8 percent, the remaining balance on the claim as of the petition date is $155,805.47, and such remaining balance shall be the amount of the secured claim for which the creditor retains its lien in full as modified herein, until the claim as modified is paid in full. Commencing in month 1 of this plan, to-wit February 2024, the trustee shall pay from funds on hand the sum of $1,050.00 per month to the creditor for 32 months, totaling $33,600.00.  The sum of $1,050.00 per month represents the monthly interest accruing upon this claim at the rate of 8 percent per year.  Upon completion of the 32 monthly payments due under the plan, and in month 32, the creditor has the right to be paid the claim amount of $155,805.47 plus reasonable attorneys' fees and costs, and other reasonable charges or disbursements allowed under the note and mortgage.  Such payment of $155,805.47 shall not be paid from funds on hand paid into the plan, but shall be paid from the debtor's own funds from proceeds of such sale.

Part 16.5:  <u>Avoidance of judgment liens pursuant to section 522(f)</u>.  The order confirming this plan shall constitute an order avoiding the following judgment lien pursuant to section 522(f), and the same shall no longer impair the debtor's interest in their homestead real property located at 3360 Wood Duck Drive N.W., Prior Lake, Minnesota, legally described as Lot 24, Block 1, The Wilds Addition to Scott County, Minnesota:

Judgment in favor of Discover Bank, docketed 8/21/2019 in Scott County, Minnesota, docket no. 70-CV-19-14146, in the amount of 15,558.42.

Part 16.6:   <u>Secured Caims Held by IRS and Minnesota Revenue; Duty to File Tax Returns and Pay Taxes</u>. IRS and Minesota Revenue have secured claims, and they will retain their liens upon the debtors' homestead real property located at 3360 Wood Duck Drive N.W, Prior Lake, Minnesota, and the personal property, until payment of their claims in full as determined under applicable nonbankruptcy law, including 8% interest per annum.  These claims will be paid in full from proceeds of sale of debtors' homestead real property as described in Part 16.7.   With respect to treatment of the IRS's secured claim, per Part 9.1, the IRS will receive from the trustee 8% interest on its claim beginning February 2024 for Month 1 through Month 32. The IRS will receive from the debtors 8% interest on its claim in Month 32 in addition to full payment of its claim from proceeds of sale of debtors' homestead real property as described in Part 16. 7.

Part 16.7:   <u>Carrington Second Mortgage Claim.</u>

By June 1, 2026 (Month 29), the debtors must list the property for sale on the MLS or equivalent listing service. A for sale by owner listing or a listing on Craigslist or Facebook marketplace is not sufficient.

By August 15, 2026 (Month 31), the debtors must have a signed purchase agreement to sell the property.

By September 25, 2026 (Month 32), the debtors must close a sale of the property and pay Carrington's second  mortgage claim in full. There will be no extensions.

**U.S. BANKRUPTCY COURT – DISTRICT OF MINNESOTA**
**Richard J. Golinvaux and Renee K. Golinvaux, Case No. 24-30007-KAC**
**Page 6, Modified Chapter 13 Plan, Dated March 18, 2025**

Part 16.7 (cont'd):

If the debtors fail to make two or more of the required monthly plan payments to the Trustee and that causes the Trustee to be unable to remit the interest-only payments to Carrington, then Carrington may serve a notice of default on the debtors, the debtors' attorney, and the Chapter 13 Trustee, by first class mail. Unless the debtors cure the default within ten (10) days after service of said notice, Carrington or its attorney may file an affidavit of default with the court and may be entitled to relief from the automatic stay.

If the debtors fail to comply with the sale-related deadlines listed above, then Carrington may serve a notice of default on the debtors and the debtors' attorney. Unless the debtors cure the default within ten (10) days after service of said notice, Carrington or its attorney may file an affidavit of default with the court and may be entitled to an order for dismissal of this case.

Nothing in this Part shall be construed to prevent the trustee from filing a motion to dismiss in the event of a default by the debtors in the performance of any obligation or duty imposed in this plan.

Part 16.8:   Tax Provisions.   Debtors will timely file as and when due any and all post-petition federal and state income tax returns and will timely pay any post-petition federal and state income taxes. Should Debtors default on timely filing of returns, and/or payment of post-petition federal and state income taxes, the IRS and Minnesota Department of Revenue may be entitled to an order for dismissal of this case on the filing of an affidavit with the Court that attests to such default, and also that the IRS and Minnesota Department of Revenue have mailed a letter by first class mail to Debtors and Debtors' counsel that gave notice of said default and a 30-day period to cure, and that such cure had not been performed.  Such an affidavit must be served upon the debtors, their attorney, and the trustee.  In the event of any hearing upon such an affidavit, the debtors may only oppose the relief requested on the ground that no default existed on the obligations imposed by this paragraph.

<<END OF DOCUMENT>>

# EXHIBIT B

# District of Minnesota
# Claims Register

## 24-30007 Richard John Golinvaux and Renee Karen Golinvaux

**Chief Judge:** Katherine A. Constantine    **Chapter:** 13
**Office:** St Paul    **Last Date to file claims:** 03/13/2024
**Trustee:** Gregory A Burrell    **Last Date to file (Govt):** 07/01/2024

---

*Creditor:* (63093306)
Directv, LLC
by American InfoSource as agent
PO Box 5072
Carol Stream, IL 60197-5072

**Claim No: 1**
*Original Filed*
*Date*: 01/08/2024
*Original Entered*
*Date*: 01/08/2024

*Status:*
*Filed by:* CR
*Entered by:* Ashley Boswell
*Modified:*

Amount claimed: $144.96

*History:*

| Details | | 1-1 | 01/08/2024 Claim #1 filed by Directv, LLC, Amount claimed: $144.96 (Boswell, Ashley) |
|---|---|---|---|

*Description:*
*Remarks:*

---

*Creditor:* (63091165)
MINNESOTA DEPT OF REVENUE
COLLECTION ENFORCEMENT - BKY
PO BOX 64447, LOCATION 511
ST PAUL MN 55164

**Claim No: 2**
*Original Filed*
*Date*: 01/08/2024
*Original Entered*
*Date*: 01/08/2024
*Last Amendment*
*Filed*: 07/01/2024
*Last Amendment*
*Entered*: 07/01/2024

*Status:*
*Filed by:* CR
*Entered by:*
*Modified:* 07/01/2024

Amount  claimed: $66251.08
Secured claimed: $39699.93
Priority  claimed: $24551.02

*History:*

| Details | | 2-1 | 01/08/2024 Claim #2 filed by MINNESOTA DEPT OF REVENUE, Amount claimed: $42912.55 (Martinez-Noble, Rafael) |
|---|---|---|---|
| Details | | 2-2 | 05/17/2024 Amended Claim #2 filed by MINNESOTA DEPT OF REVENUE, Amount claimed: $42912.55 (admin) |
| Details | | 2-3 | 07/01/2024 Amended Claim #2 filed by MINNESOTA DEPT OF REVENUE, Amount claimed: $66251.08 (admin) |

*Description:*
*Remarks:* (2-2) Account Number (last 4 digits):9414
(2-3) Account Number (last 4 digits):9414

---

*Creditor:* (63093613)
Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

**Claim No: 3**
*Original Filed*
*Date*: 01/08/2024
*Original Entered*
*Date*: 01/08/2024

*Status:*
*Filed by:* CR
*Entered by:* Jennifer Wulf
*Modified:*

*History:*

| Details | | 3-1 | 01/08/2024 Claim #3 filed by Discover Bank, Amount claimed: $3956.37 (Wulf, Jennifer) |
|---|---|---|---|

*Description:*
*Remarks:*

Amount claimed: $3956.37

*History:*
Details    ●    3-1    01/08/2024 Claim #3 filed by Discover Bank, Amount claimed: $3956.37 (Wulf, Jennifer)

*Description:*
*Remarks:*

| | | | |
|---|---|---|---|
| *Creditor:*    (63102526)<br>SANTANDER CONSUMER USA<br>P.O. Box 560284<br>Dallas, TX 75356 | **Claim No: 4**<br>*Original Filed*<br>*Date*: 01/25/2024<br>*Original Entered*<br>*Date*: 01/25/2024 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Kimberly Lopez<br>*Modified:* | |

Amount  claimed: $15523.98
Secured claimed: $15523.98

*History:*
Details    ●    4-1    01/25/2024 Claim #4 filed by SANTANDER CONSUMER USA, Amount claimed: $15523.98 (Lopez,
                                Kimberly)

*Description:* (4-1) 2016 LINCOLN MKC
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (63102953)<br>Quantum3 Group LLC as agent for<br>Concora Credit Inc.<br>PO Box 788<br>Kirkland, WA 98083-0788 | **Claim No: 5**<br>*Original Filed*<br>*Date*: 01/25/2024<br>*Original Entered*<br>*Date*: 01/25/2024 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Quantum3 Group LLC Viscione<br>*Modified:* |

Amount claimed: $552.82

*History:*
Details    ●    5-1    01/25/2024 Claim #5 filed by Quantum3 Group LLC as agent for, Amount claimed: $552.82 (Viscione,
                                Quantum3 Group LLC)

*Description:* (5-1) Money Loaned
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (63102953)<br>Quantum3 Group LLC as agent for<br>Concora Credit Inc.<br>PO Box 788<br>Kirkland, WA 98083-0788 | **Claim No: 6**<br>*Original Filed*<br>*Date*: 01/25/2024<br>*Original Entered*<br>*Date*: 01/25/2024 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Quantum3 Group LLC Viscione<br>*Modified:* |

Amount claimed: $605.86

*History:*
Details    ●    6-1    01/25/2024 Claim #6 filed by Quantum3 Group LLC as agent for, Amount claimed: $605.86 (Viscione,
                                Quantum3 Group LLC)

*Description:* (6-1) Money Loaned
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (63107554)<br>Discover Bank | **Claim No: 7**<br>*Original Filed*<br>*Date*: 02/01/2024 | *Status:*<br>*Filed by:* CR |

*History:*
Details    ●    7-1    02/01/2024 Claim #7 filed by Discover Bank, Amount claimed: $15065.42 (Messenger, Madison)

*Description:*
*Remarks:*

P.O. Box 3025
New Albany, Oh 43054-3025

*Entered by:* Madison M Messenger
*Modified:*

Amount claimed: $15065.42

*History:*
Details ⚫ 7-1   02/01/2024 Claim #7 filed by Discover Bank, Amount claimed: $15065.42 (Messenger, Madison)
*Description:*
*Remarks:*

*Creditor:*        (63112834)
LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

**Claim No: 8**
*Original Filed*
*Date*: 02/12/2024
*Original Entered*
*Date*: 02/12/2024

*Status:*
*Filed by:* CR
*Entered by:* Brandie M McCann
*Modified:*

Amount  claimed: $2858.20
Secured claimed:      $0.00

*History:*
Details ⚫ 8-1   02/12/2024 Claim #8 filed by LVNV Funding, LLC, Amount claimed: $2858.20 (McCann, Brandie)
*Description:*
*Remarks:*

*Creditor:*        (63113663)
Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

**Claim No: 9**
*Original Filed*
*Date*: 02/13/2024
*Original Entered*
*Date*: 02/13/2024

*Status:*
*Filed by:* CR
*Entered by:* Katherine Wambold
*Modified:*

Amount claimed: $6220.51

*History:*
Details ⚫ 9-1   02/13/2024 Claim #9 filed by Wells Fargo Bank, N.A., Amount claimed: $6220.51 (Wambold, Katherine)
*Description:*
*Remarks:*

*Creditor:*        (63115128)
TD Bank
Jefferson Capital Systems, LLC Assignee
PO Box 7999
St. Cloud, MN 56302-9617

**Claim No: 10**
*Original Filed*
*Date*: 02/15/2024
*Original Entered*
*Date*: 02/15/2024

*Status:*
*Filed by:* CR
*Entered by:* Rebecca Wallin
*Modified:*

Amount claimed: $4976.59

*History:*
Details ⚫ 10-1   02/15/2024 Claim #10 filed by TD Bank, Amount claimed: $4976.59 (Wallin, Rebecca)
*Description:* (10-1) Credit Card
*Remarks:*

*Creditor:*        (63115130)
Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee

**Claim No: 11**
*Original Filed*
*Date*: 02/15/2024

*Status:*
*Filed by:* CR

*History:*
Details ⚫ 11-1   02/15/2024 Claim #11 filed by Premier Bankcard, LLC, Amount claimed: $995.47 (Wallin, Rebecca)
*Description:* (11-1) CREDIT CARD
*Remarks:*

Po Box 7999
Saint Cloud MN 56302-9617

*Original Entered Date*: 02/15/2024

*Entered by:* Rebecca Wallin
*Modified:*

Amount claimed: $995.47

*History:*

Details   **11-1** 02/15/2024 Claim #11 filed by Premier Bankcard, LLC, Amount claimed: $995.47 (Wallin, Rebecca)

*Description:* (11-1) CREDIT CARD
*Remarks:*

---

*Creditor:* (63115669)
Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

**Claim No: 12**
*Original Filed Date*: 02/15/2024
*Original Entered Date*: 02/15/2024

*Status:*
*Filed by:* CR
*Entered by:* Pankaj Thakur
*Modified:*

Amount claimed: $454.71

*History:*

Details   **12-1** 02/15/2024 Claim #12 filed by Capital One N.A., Amount claimed: $454.71 (Thakur, Pankaj)

*Description:*
*Remarks:*

---

*Creditor:* (63117019)
American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

**Claim No: 13**
*Original Filed Date*: 02/19/2024
*Original Entered Date*: 02/19/2024

*Status:*
*Filed by:* CR
*Entered by:* Becket and Lee LLP Deegan
*Modified:*

Amount claimed: $5143.55

*History:*

Details   **13-1** 02/19/2024 Claim #13 filed by American Express National Bank, Amount claimed: $5143.55 (Deegan, Becket and Lee LLP)

*Description:*
*Remarks:*

---

*Creditor:* (63117020)
American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

**Claim No: 14**
*Original Filed Date*: 02/19/2024
*Original Entered Date*: 02/19/2024

*Status:*
*Filed by:* CR
*Entered by:* Becket and Lee LLP Deegan
*Modified:*

Amount claimed: $6389.22

*History:*

Details   **14-1** 02/19/2024 Claim #14 filed by American Express National Bank, Amount claimed: $6389.22 (Deegan, Becket and Lee LLP)

*Description:*
*Remarks:*

*Creditor:* (63117906) <u>History</u>
Carrington Mortgage Services, LLC
500 N. State College Blvd.
Suites 1030, 1300 & 1400
Orange CA 92868

**Claim No: 15**
*Original Filed*
*Date:* 02/20/2024
*Original Entered*
*Date:* 02/20/2024

*Status:*
*Filed by:* CR
*Entered by:* Kevin T. Dobie
*Modified:*

Amount claimed: $155805.47
Secured claimed: $155805.47

*History:*

<u>Details</u> 🌐 <u>15-1</u> 02/20/2024 Claim #15 filed by Carrington Mortgage Services, LLC, Amount claimed: $155805.47 (Dobie, Kevin)

<u>doc</u> 04/22/2024 Notice of post petition mortgage fees, expenses, and charges re: Claim # 15 filed by Interested Party Carrington Mortgage Services, LLC. Proof of Service. (Dobie, Kevin)

<u>123</u> 01/15/2026 Request for claimant address change for **Carrington Mortgage Services, LLC**. Claim Number: **15,18** New address: **Carrington Mortgage Services, LLC500 N. State College Blvd.Suites 1030, 1300 & 1400Orange CA 92868** (Hill, Tawakoni)

*Description:*
*Remarks:*

*Creditor:* (63118262)
PCA Acquisition V, LLC
Phillips & Cohen Associates, LTD
1002 Justison Street
Wilmington, DE 19801

**Claim No: 16**
*Original Filed*
*Date:* 02/21/2024
*Original Entered*
*Date:* 02/21/2024

*Status:*
*Filed by:* CR
*Entered by:*
*Modified:*

Amount claimed: $1898.60

*History:*

<u>Details</u> 🌐 <u>16-1</u> 02/21/2024 Claim #16 filed by PCA Acquisition V, LLC, Amount claimed: $1898.60 (admin)

*Description:*
*Remarks:* (16-1) Account Number (last 4 digits):1707

*Creditor:* (63119134)
U.S. Bank National Association
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

**Claim No: 17**
*Original Filed*
*Date:* 02/22/2024
*Original Entered*
*Date:* 02/22/2024

*Status:*
*Filed by:* CR
*Entered by:* U.S. Bank National Association
Feldman
*Modified:*

Amount claimed: $11580.30

*History:*

<u>Details</u> 🌐 <u>17-1</u> 02/22/2024 Claim #17 filed by U.S. Bank National Association, Amount claimed: $11580.30 (Feldman, U.S. Bank National Association)

*Description:* (17-1) Credit Card 7075
*Remarks:*

*Creditor:* (63119287) <u>History</u>
Carrington Mortgage Services, LLC
500 N. State College Blvd.
Suites 1030, 1300 & 1400
Orange CA 92868

**Claim No: 18**
*Original Filed*
*Date:* 02/22/2024
*Original Entered*
*Date:* 02/22/2024

*Status:*
*Filed by:* CR
*Entered by:* Kevin T. Dobie
*Modified:*

Amount claimed: $474669.38
Secured claimed: $474669.38

*History:*

| | | | |
|---|---|---|---|
| Details | 18-1 | 02/22/2024 | Claim #18 filed by Carrington Mortgage Services, LLC, Amount claimed: $474669.38 (Dobie, Kevin) |
| | doc | 04/19/2024 | Notice of post petition mortgage fees, expenses, and charges re: Claim # 18 filed by Interested Party Carrington Mortgage Services, LLC. Proof of Service. (Dobie, Kevin) |
| | doc | 01/21/2025 | Notice of Mortgage Payment Change re: Claim # 18 filed by The Bank of New York Mellon, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3. Proof of Service. (Miller, Randall) |
| | doc | 03/06/2025 | Notice of Post-Petition Mortgage Fees, Expenses, and Charges re: Claim # 18 filed by The Bank of New York Mellon, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3. Proof of Service. (Hill, Tawakoni) |
| | doc | 04/09/2025 | Notice of Post-Petition Mortgage Fees, Expenses, and Charges re: Claim # 18 filed by The Bank of New York Mellon, F/K/A The Bank of New York, as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3. Proof of Service. (Leija, Tonya) |
| | doc | 07/11/2025 | Notice of Post-Petition Mortgage Fees, Expenses, and Charges re: Claim # 18 filed by The Bank of New York Mellon, F/K/A The Bank of New York, as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3. (Ross, Mariana) |
| | 123 | 01/15/2026 | Request for claimant address change for **Carrington Mortgage Services, LLC**. Claim Number: **15,18** New address: **Carrington Mortgage Services, LLC500 N. State College Blvd.Suites 1030, 1300 & 1400Orange CA 92868** (Hill, Tawakoni) |
| | doc | 01/20/2026 | Notice of Mortgage Payment Change re: Claim # 18 filed by The Bank of New York Mellon, F/K/A The Bank of New York, as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-3. Proof of Service. (Hill, Tawakoni) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (63119289) | **Claim No: 19** | *Status:* |
| Citibank, N.A. | *Original Filed* | *Filed by:* CR |
| 5800 S Corporate Pl | *Date*: 02/22/2024 | *Entered by:* Tiffany Claus |
| Sioux Falls, SD 57108-5027 | *Original Entered* | *Modified:* |
| | *Date*: 02/22/2024 | |
| | *Last Amendment* | |
| | *Filed*: 05/05/2026 | |
| | *Last Amendment* | |
| | *Entered*: 05/05/2026 | |

Amount claimed: $3028.52

*History:*

| | | | |
|---|---|---|---|
| Details | 19-1 | 02/22/2024 | Claim #19 filed by Citibank, N.A., Amount claimed: $3028.52 (Nichol, Quantum3 Group LLC) |
| Details | 19-2 | 05/05/2026 | Amended Claim #19 filed by Citibank, N.A., Amount claimed: $3028.52 (Claus, Tiffany) |

*Description:* (19-1) Money Loaned
(19-2) Money Loaned

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (63112834) | **Claim No: 20** | *Status:* |
| LVNV Funding, LLC | *Original Filed* | *Filed by:* CR |
| Resurgent Capital Services | *Date*: 02/27/2024 | *Entered by:* Matthew Oberholtzer |
| PO Box 10587 | *Original Entered* | *Modified:* |
| Greenville, SC 29603-0587 | *Date*: 02/27/2024 | |

Amount claimed: $3750.50

*History:*

| | | | |
|---|---|---|---|
| Details | 20-1 | 02/27/2024 | Claim #20 filed by LVNV Funding, LLC, Amount claimed: $3750.50 (Oberholtzer, Matthew) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (63112834) | **Claim No: 21** | *Status:* |
| LVNV Funding, LLC | *Original Filed* | *Filed by:* CR |
| Resurgent Capital Services | *Date*: 02/27/2024 | *Entered by:* Korinny Sanchez |
| PO Box 10587 | *Original Entered* | *Modified:* |
| Greenville, SC 29603-0587 | *Date*: 02/27/2024 | |

Amount claimed: $167.56

*History:*

Details  ⬤  21-1  02/27/2024 Claim #21 filed by LVNV Funding, LLC, Amount claimed: $167.56 (Sanchez, Korinny)

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (63123210) | **Claim No: 22** | *Status:* |
| The Wilds Homeowners Association | *Original Filed* | *Filed by:* CR |
| Smith Jadin Johnson, PLLC | *Date*: 02/29/2024 | *Entered by:* |
| 7900 Xerxes Ave S., Suite 2020 | *Original Entered* | *Modified:* |
| Bloomington, MN 55431 | *Date*: 02/29/2024 | |

Amount  claimed: $5987.50

Secured claimed: $5987.50

*History:*

Details  ⬤  22-1  02/29/2024 Claim #22 filed by The Wilds Homeowners Association, Amount claimed: $5987.50 (admin)

doc  02/29/2024 Notice of Postpetition Fees, Expenses, and Charges of Claim No. 22 filed by The Wilds Homeowners Association (webclaimusr)

doc  02/29/2024 Proof of Claim Attachment 3001(c)(1) and (d) of Claim No. 22 filed by The Wilds Homeowners Association (webclaimusr)

*Description:*

*Remarks:* (22-1) Account Number (last 4 digits):5403

| | | |
|---|---|---|
| *Creditor:* (63123636) | **Claim No: 23** | *Status:* |
| Wells Fargo Bank, N.A. Wells Fargo Card Services | *Original Filed* | *Filed by:* CR |
| PO Box 10438, MAC F8235-02F | *Date*: 02/29/2024 | *Entered by:* Greg Alan Robertson |
| Des Moines, IA 50306-0438 | *Original Entered* | *Modified:* |
| | *Date*: 02/29/2024 | |

Amount claimed: $3812.61

*History:*

Details  ⬤  23-1  02/29/2024 Claim #23 filed by Wells Fargo Bank, N.A. Wells Fargo Card Services, Amount claimed: $3812.61 (Robertson, Greg)

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (63130493) | **Claim No: 24** | *Status:* |
| Bank of America, N.A. | *Original Filed* | *Filed by:* CR |
| PO Box 673033 | *Date*: 03/12/2024 | *Entered by:* Bank of Piedmont Parkway |
| Dallas, TX 75267-3033 | *Original Entered* | Randall |
| | *Date*: 03/12/2024 | *Modified:* |

Amount  claimed: $1453.74

*History:*

Details  ⬤  24-1  03/12/2024 Claim #24 filed by Bank of America, N.A., Amount claimed: $1453.74 (Randall, Bank of Piedmont Parkway)

*Description:*

*Remarks:*

Secured claimed:      $0.00
Priority  claimed:      $0.00

*History:*

Details  🌐  24-1   03/12/2024  Claim #24 filed by Bank of America, N.A., Amount claimed: $1453.74 (Randall, Bank of Piedmont Parkway)

*Description:*
*Remarks:*

| *Creditor:*      (63130493) | **Claim No: 25** | *Status:* |
|---|---|---|
| Bank of America, N.A. | *Original Filed* | *Filed by:* CR |
| PO Box 673033 | *Date:* 03/12/2024 | *Entered by:* Bank of America NA Myers |
| Dallas, TX 75267-3033 | *Original Entered* | *Modified:* |
| | *Date:* 03/12/2024 | |

Amount  claimed: $1416.75
Secured claimed:      $0.00
Priority  claimed:      $0.00

*History:*

Details  🌐  25-1   03/12/2024  Claim #25 filed by Bank of America, N.A., Amount claimed: $1416.75 (Myers, Bank of America NA)

*Description:*
*Remarks:*

| *Creditor:*      (63091177) | **Claim No: 26** | *Status:* |
|---|---|---|
| TOPLINE FEDERAL CREDIT UNION | *Original Filed* | *Filed by:* CR |
| 9353 JEFFERSON HWY | *Date:* 03/15/2024 | *Entered by:* Ann Gagner |
| MAPLE GROVE MN 55369 | *Original Entered* | *Modified:* |
| | *Date:* 03/15/2024 | |

Amount  claimed: $5229.23
Secured claimed: $5229.23

*History:*

Details  🌐  26-1   03/15/2024  Claim #26 filed by TOPLINE FEDERAL CREDIT UNION, Amount claimed: $5229.23 (Gagner, Ann)

*Description:*
*Remarks:*

| *Creditor:*      (63091152)   History | **Claim No: 27** | *Status:* |
|---|---|---|
| INTERNAL REVENUE SERVICE | *Original Filed* | *Filed by:* CR |
| P.O. Box 7346 | *Date:* 04/25/2024 | *Entered by:* Internal Revenue Service |
| Philadelphia, PA 19101-7346 | *Original Entered* | Solomon |
| | *Date:* 04/25/2024 | *Modified:* |
| | *Last Amendment* | |

*History:*

Details  🌐  27-1   04/25/2024  Claim #27 filed by INTERNAL REVENUE SERVICE, Amount claimed: $534656.52 (Solomon, Internal Revenue Service)

Details  🌐  27-2   06/27/2024  Amended Claim #27 filed by INTERNAL REVENUE SERVICE, Amount claimed: $518158.33 (Solomon, Internal Revenue Service)

Details  🌐  27-3   11/06/2024  Amended Claim #27 filed by INTERNAL REVENUE SERVICE, Amount claimed: $524419.61 (Solomon, Internal Revenue Service)

Details  🌐  27-4   02/13/2025  Amended Claim #27 filed by INTERNAL REVENUE SERVICE, Amount claimed: $528945.71 (Solomon, Internal Revenue Service)

*Description:*
*Remarks:*

*Filed*: 02/13/2025
*Last Amendment*
*Entered*: 02/13/2025

Amount   claimed: $528945.71
Secured claimed:   $19977.04
Priority   claimed:   $60128.23

*History:*

Details  ⬤  27-1  04/25/2024  Claim #27 filed by INTERNAL REVENUE SERVICE, Amount claimed: $534656.52
(Solomon, Internal Revenue Service)

Details  ⬤  27-2  06/27/2024  Amended Claim #27 filed by INTERNAL REVENUE SERVICE, Amount claimed: $518158.33
(Solomon, Internal Revenue Service)

Details  ⬤  27-3  11/06/2024  Amended Claim #27 filed by INTERNAL REVENUE SERVICE, Amount claimed: $524419.61
(Solomon, Internal Revenue Service)

Details  ⬤  27-4  02/13/2025  Amended Claim #27 filed by INTERNAL REVENUE SERVICE, Amount claimed: $528945.71
(Solomon, Internal Revenue Service)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*   (63163685) | **Claim No: 28** | *Status:* Withdrawal of claim 45 |
| State of Minnesota, Department of Revenue | *Original Filed* | *Filed by:* CR |
| PO Box 64447 - BKY | *Date*: 05/03/2024 | *Entered by:* |
| St. Paul, MN 55164-0447 | *Original Entered* | *Modified:* |
| | *Date*: 05/03/2024 | |

Amount claimed: $1829.00
Priority  claimed: $1829.00

*History:*

Details  ⬤  28-1  05/03/2024  Claim #28 filed by State of Minnesota, Department of Revenue, Amount claimed: $1829.00
(admin)

45  07/01/2024  Withdrawal of Claim Nos. 28 (State of Minnesota, Department of Revenue)
(webclaimusr) Status: Withdrawal of claim

*Description:*
*Remarks:* (28-1) Account Number (last 4 digits):9414

# Claims Register Summary

**Case Name:** Richard John Golinvaux and Renee Karen Golinvaux
**Case Number:** 24-30007
**Chapter:** 13
**Date Filed:** 01/03/2024
**Total Number Of Claims:** 28

| | |
|---|---|
| **Total Amount Claimed\*** | $1328713.61 |
| **Total Amount Allowed\*** | |

*\*Includes general unsecured claims*

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $716892.53 | |

| Priority | $86508.25 | |
| Administrative | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/12/2026 23:49:39 | | | |
| **PACER Login:** | craigandresen | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 24-30007 Filed or Entered From: 1/1/2001 Filed or Entered To: 7/13/2026 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

get case status   document upload                    logout

# Gregory A. Burrell, Standing Chapter 13 Trustee

### Status of Claims as of 7/1/2026
### Case # 24-30007 KAC

Upload Document to Trustee

RICHARD J GOLINVAUX                                          31 Remaining of 60 Mos.
RENEE K GOLINVAUX

Current Debtor Pmt: $3,150.00 / Monthly

Atty: Craig W. Andresen

## Summary

**Filed:** 1/3/2024          **Confirmed:** 4/17/2025          **Base Amount:** $194,220.00     **Debtor Refunds:** $0.00
**First Mtg:** 1/31/2024 9:10:00 AM   **Plan Filed:** 1/17/2024   **Total Paid In:** $78,030.00     **Delinq Amount:** $3,150.00
                                                          **Balance on Hand:** $2,916.59

## Payment Schedule
### Debtor

| Start Date | Start | Thru | Payment | Total Pmts | Type |
|---|---|---|---|---|---|
| 2/2/2024 | 1 | 4 | $1,700.00 | $6,800.00 | G |
| 6/2/2024 | 5 | 5 | $3,400.00 | $3,400.00 | G |
| 7/2/2024 | 6 | 12 | $2,660.00 | $18,620.00 | |
| 2/2/2025 | 13 | 13 | $5,110.00 | $5,110.00 | |
| 3/2/2025 | 14 | 36 | $3,150.00 | $72,450.00 | |
| 2/2/2027 | 37 | 60 | $3,660.00 | $87,840.00 | |

## Payment History

| | | | | |
|---|---|---|---|---|
| **6/23/2026** $3,150.00 | **4/6/2026** $3,150.00 | **3/9/2026** $3,150.00 | **2/6/2026** $3,150.00 | **1/7/2026** $3,150.00 |
| **12/8/2025** $3,150.00 | **11/6/2025** $3,150.00 | **10/7/2025** $3,150.00 | **9/9/2025** $3,150.00 | **8/12/2025** $3,150.00 |
| **7/8/2025** $3,150.00 | **6/6/2025** $3,150.00 | **5/7/2025** $3,150.00 | **4/7/2025** $3,150.00 | **3/25/2025** $2,450.00 |
| **3/7/2025** $2,660.00 | **2/5/2025** $2,660.00 | **1/7/2025** $2,660.00 | **12/6/2024** $2,660.00 | **11/5/2024** $2,660.00 |
| **10/7/2024** $2,660.00 | **9/6/2024** $2,660.00 | **8/5/2024** $2,660.00 | **7/2/2024** $1,700.00 | **5/31/2024** $1,700.00 |
| **5/1/2024** $1,700.00 | **4/2/2024** $1,700.00 | **3/7/2024** $1,700.00 | **2/2/2024** $1,700.00 | |

Show Details

## Claims

| Creditor Name | Clm Num | Last Pymt | Cls | Int Rate | Fixed Pymt | Disb Code | Debt | Principal Paid | Claimed | Tot Int Pd | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig W. Andresen | 000-0 | 8/28/2025 | L | 0.00% | $0.00 | 20 | $6,313.00 | $6,000.00 | $6,313.00 | $0.00 | $0.00 |
| DIRECTV, LLC BY AMERICAN INFOSOURCE AS AGENT | 001-0 | | U | 0.00% | $0.00 | 50 | $144.96 | $0.00 | $144.96 | $0.00 | $144.96 |
| The Minnesota Department of Revenue | 002-0 | | P | 0.00% | $0.00 | 46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| The Minnesota Department of Revenue | 002-1 | | U | 0.00% | $0.00 | 50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DISCOVER BANK | 003-0 | | U | 0.00% | $0.00 | 50 | $3,956.37 | $0.00 | $3,956.37 | $0.00 | $3,956.37 |
| SANTANDER CONSUMER USA INC | 004-0 | 4/29/2026 | S | 0.00% | $328.00 | 30 | $19,680.00 | $8,856.00 | $19,680.00 | $0.00 | $10,824.00 |
| QUANTUM3 GROUP, LLC | 005-0 | | U | 0.00% | $0.00 | 50 | $552.82 | $0.00 | $552.82 | $0.00 | $552.82 |
| QUANTUM3 GROUP, LLC | 006-0 | | U | 0.00% | $0.00 | 50 | $605.86 | $0.00 | $605.86 | $0.00 | $605.86 |

| Creditor | Claim | Date | Cl | Rate | | Days | | | | | Status |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DISCOVER BANK | 007-0 | | U | 0.00% | $0.00 | 50 | $15,065.42 | $0.00 | $15,065.42 | $0.00 | $15,065.42 |
| LVNV FUNDING, LLC | 008-0 | | U | 0.00% | $0.00 | 50 | $2,858.20 | $0.00 | $2,858.20 | $0.00 | $2,858.20 |
| Wells Fargo ACH | 009-0 | | U | 0.00% | $0.00 | 50 | $6,220.51 | $0.00 | $6,220.51 | $0.00 | $6,220.51 |
| NORDSTROM, INC | 010-0 | | U | 0.00% | $0.00 | 50 | $4,976.59 | $0.00 | $4,976.59 | $0.00 | $4,976.59 |
| PREMIER BANKCARD, LLC | 011-0 | | U | 0.00% | $0.00 | 50 | $995.47 | $0.00 | $995.47 | $0.00 | $995.47 |
| CAPITAL ONE BANK (USA), NA | 012-0 | | U | 0.00% | $0.00 | 50 | $454.71 | $0.00 | $454.71 | $0.00 | $454.71 |
| AMERICAN EXPRESS NATIONAL BANK | 013-0 | | U | 0.00% | $0.00 | 50 | $5,143.55 | $0.00 | $5,143.55 | $0.00 | $5,143.55 |
| AMERICAN EXPRESS NATIONAL BANK | 014-0 | | U | 0.00% | $0.00 | 50 | $6,389.22 | $0.00 | $6,389.22 | $0.00 | $6,389.22 |
| Carrington Mortgage Services, LLC | 015-0 | 6/29/2026 | S | 0.00% | $0.00 | 29 | $33,600.00 | $28,350.00 | $33,600.00 | $0.00 | $5,250.00 |
| PCA ACQUISITIONS V, LLC | 016-0 | | U | 0.00% | $0.00 | 50 | $1,898.60 | $0.00 | $1,898.60 | $0.00 | $1,898.60 |
| US BANK NATIONAL ASSOCIATION | 017-0 | | U | 0.00% | $0.00 | 50 | $11,580.30 | $0.00 | $11,580.30 | $0.00 | $11,580.30 |
| Carrington Mortgage Services, LLC | 018-0 | 9/29/2025 | S | 0.00% | $540.17 | 30 | $0.00 | $4,173.53 | $4,173.53 | $0.00 | Stay Lifted |
| CITIBANK, N.A. | 019-0 | | U | 0.00% | $0.00 | 50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| LVNV FUNDING, LLC | 020-0 | | U | 0.00% | $0.00 | 50 | $3,750.50 | $0.00 | $3,750.50 | $0.00 | $3,750.50 |
| LVNV FUNDING, LLC | 021-0 | | U | 0.00% | $0.00 | 50 | $167.56 | $0.00 | $167.56 | $0.00 | $167.56 |
| SMITH JADIN JOHNSON | 022-0 | 9/29/2025 | S | 0.00% | $892.12 | 30 | $5,987.50 | $5,987.50 | $5,987.50 | $0.00 | $0.00 |
| Wells Fargo ACH | 023-0 | | U | 0.00% | $0.00 | 50 | $3,812.61 | $0.00 | $3,812.61 | $0.00 | $3,812.61 |
| BANK OF AMERICA, NA | 024-0 | | U | 0.00% | $0.00 | 50 | $1,453.74 | $0.00 | $1,453.74 | $0.00 | $1,453.74 |
| BANK OF AMERICA, NA | 025-0 | | U | 0.00% | $0.00 | 50 | $1,416.75 | $0.00 | $1,416.75 | $0.00 | $1,416.75 |
| Top Line Credit Union | 026-0 | 11/26/2025 | S | 0.00% | $719.93 | 30 | $5,695.00 | $5,695.00 | $5,695.00 | $0.00 | $0.00 |
| The Department of the Treasury | 027-0 | 4/29/2026 | S | 0.00% | $133.00 | 30 | $4,256.00 | $3,591.00 | $4,256.00 | $0.00 | $665.00 |
| The Department of the Treasury | 027-1 | 4/29/2026 | P | 0.00% | $0.00 | 41 | $60,128.23 | $4,612.81 | $60,128.23 | $0.00 | $55,515.42 |
| The Department of the Treasury | 027-2 | | U | 0.00% | $0.00 | 50 | $448,840.44 | $0.00 | $448,840.44 | $0.00 | $448,840.44 |
| The Minnesota Department of Revenue | 028-0 | | P | 0.00% | $0.00 | 46 | $0.00 | $0.00 | $0.00 | $0.00 | Withdrawn |
| Craig W. Andresen | 100-0 | | L | 0.00% | $0.00 | 32 | $0.00 | $0.00 | $4,500.00 | $0.00 | Direct |
| The Bank of New York Trust Company | 250-0 | | U | 0.00% | $0.00 | 60 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| CARRINGTON MORTGAGE SERVICES | 251-0 | | U | 0.00% | $0.00 | 60 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| Internal Revenue Service | 252-0 | | U | 0.00% | $0.00 | 60 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| Minnesota Department of Revenue | 253-0 | | U | 0.00% | $0.00 | 60 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| ALLINA COLLECTION DEPT | 300-0 | | U | 0.00% | $0.00 | 55 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| Messerli & Kramer, PA | 301-0 | | U | 0.00% | $0.00 | 55 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| CHASE | 302-0 | | U | 0.00% | $0.00 | 55 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| COMENITY BANK | 303-0 | | U | 0.00% | $0.00 | 55 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| SPECIAL FINANCING CO | 304-0 | | U | 0.00% | $0.00 | 55 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| SUBURBAN EMERGENCY ASSOCIATION | 305-0 | | U | 0.00% | $0.00 | 55 | $0.00 | $0.00 | $0.00 | $0.00 | Not Filed |
| The Minnesota Department of Revenue | 400-0 | | S | 0.00% | $0.00 | 32 | $0.00 | $0.00 | $0.00 | $0.00 | Direct |
| The Minnesota Department of Revenue | 400-1 | 4/29/2026 | P | 0.00% | $0.00 | 41 | $24,551.02 | $1,883.46 | $24,551.02 | $0.00 | $22,667.56 |
| The Minnesota Department of Revenue | 400-2 | | U | 0.00% | $0.00 | 50 | $2,000.13 | $0.00 | $2,000.13 | $0.00 | $2,000.13 |
| The Department of the Treasury | 401-0 | | P | 0.00% | $0.00 | 46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| The Minnesota Department of Revenue | 402-0 | | P | 0.00% | $0.00 | 46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| The Department of the Treasury | 403-0 | | S | 0.00% | $0.00 | 36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| The Department of the Treasury | 404-0 | | P | 0.00% | $0.00 | 46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Citibank, N.A. - Exception Payments | 405-0 | | U | 0.00% | $0.00 | 50 | $3,028.52 | $0.00 | $3,028.52 | $0.00 | $3,028.52 |
| Gregory A. Burrell | TRS-0 | 6/23/2026 | T | 0.00% | $0.00 | 00 | $15,259.31 | $5,964.11 | $0.00 | $0.00 | $9,295.20 |

## Disbursement Details

| Clm | Date | Check# | Principal | Int Pd | Total Paid |
|---|---|---|---|---|---|
| 000-0 | Craig W. Andresen | | | | |
| 000-0 | 8/28/2025 | 8008213 | $6,000.00 | $0.00 | $6,000.00 |
| | Total | | $6,000.00 | $0.00 | $6,000.00 |

| Clm | Date | Check# | Principal | Int Pd | Total Paid |
|---|---|---|---|---|---|
| 004-0 | SANTANDER CONSUMER USA INC | | | | |
| 004-0 | 4/29/2026 | 4740691 | $328.00 | $0.00 | $328.00 |
| 004-0 | 3/30/2026 | 4739565 | $328.00 | $0.00 | $328.00 |
| 004-0 | 2/26/2026 | 4738442 | $328.00 | $0.00 | $328.00 |
| 004-0 | 1/29/2026 | 4737398 | $328.00 | $0.00 | $328.00 |
| 004-0 | 12/30/2025 | 4736331 | $350.71 | $0.00 | $350.71 |
| 004-0 | 11/26/2025 | 4735240 | $376.79 | $0.00 | $376.79 |
| 004-0 | 10/29/2025 | 4734242 | $353.20 | $0.00 | $353.20 |

| Clm | Date | Check# | Principal | Int Pd | Total Paid |
|-----|------|--------|-----------|--------|------------|
| 004-0 | 9/29/2025 | 4733974 | $326.92 | $0.00 | $326.92 |
| 004-0 | 8/28/2025 | 4732096 | $321.48 | $0.00 | $321.48 |
| 004-0 | 7/30/2025 | 4731010 | $284.49 | $0.00 | $284.49 |
| 004-0 | 6/27/2025 | 4729926 | $282.41 | $0.00 | $282.41 |
| 004-0 | 5/29/2025 | 4728870 | $328.00 | $0.00 | $328.00 |
| 004-0 | 4/29/2025 | 4727752 | $328.00 | $0.00 | $328.00 |
| 004-0 | 3/28/2025 | 4727079 | $328.00 | $0.00 | $328.00 |
| 004-0 | 2/27/2025 | 4725992 | $328.00 | $0.00 | $328.00 |
| 004-0 | 1/30/2025 | 4724955 | $328.00 | $0.00 | $328.00 |
| 004-0 | 12/30/2024 | 4723894 | $328.00 | $0.00 | $328.00 |
| 004-0 | 11/27/2024 | 4722794 | $328.00 | $0.00 | $328.00 |
| 004-0 | 10/30/2024 | 4721753 | $2,952.00 | $0.00 | $2,952.00 |
| | | Total | $8,856.00 | $0.00 | $8,856.00 |
| **Clm** | **Date** | **Check#** | **Principal** | **Int Pd** | **Total Paid** |
| 015-0 | Carrington Mortgage Services, LLC | | | | |
| 015-0 | 6/29/2026 | 4742343 | $1,050.00 | $0.00 | $1,050.00 |
| 015-0 | 6/4/2026 | 0 | ($1,050.00) | $0.00 | ($1,050.00) |
| 015-0 | 4/29/2026 | 4740142 | $1,050.00 | $0.00 | $1,050.00 |
| 015-0 | 3/30/2026 | 4738983 | $1,050.00 | $0.00 | $1,050.00 |
| 015-0 | 2/26/2026 | 4737943 | $1,050.00 | $0.00 | $1,050.00 |
| 015-0 | 1/29/2026 | 4736883 | $1,050.00 | $0.00 | $1,050.00 |
| 015-0 | 12/30/2025 | 4735775 | $1,509.20 | $0.00 | $1,509.20 |
| 015-0 | 11/26/2025 | 4734744 | $2,036.75 | $0.00 | $2,036.75 |
| 015-0 | 10/29/2025 | 4733736 | $1,559.56 | $0.00 | $1,559.56 |
| 015-0 | 9/29/2025 | 4732638 | $1,046.53 | $0.00 | $1,046.53 |
| 015-0 | 8/28/2025 | 4731580 | $1,029.13 | $0.00 | $1,029.13 |
| 015-0 | 7/30/2025 | 4730501 | $910.73 | $0.00 | $910.73 |
| 015-0 | 6/27/2025 | 4729436 | $904.06 | $0.00 | $904.06 |
| 015-0 | 5/29/2025 | 4728350 | $1,050.00 | $0.00 | $1,050.00 |
| 015-0 | 4/29/2025 | 4727261 | $14,104.04 | $0.00 | $14,104.04 |
| | | Total | $28,350.00 | $0.00 | $28,350.00 |
| **Clm** | **Date** | **Check#** | **Principal** | **Int Pd** | **Total Paid** |
| 018-0 | Carrington Mortgage Services, LLC | | | | |
| 018-0 | 9/29/2025 | 4732638 | $0.99 | $0.00 | $0.99 |
| 018-0 | 8/28/2025 | 4731580 | $49.02 | $0.00 | $49.02 |
| 018-0 | 7/30/2025 | 4730501 | $327.07 | $0.00 | $327.07 |
| 018-0 | 6/27/2025 | 4729436 | $465.09 | $0.00 | $465.09 |
| 018-0 | 5/29/2025 | 4728350 | $486.69 | $0.00 | $486.69 |
| 018-0 | 4/29/2025 | 4727251 | $2,844.67 | $0.00 | $2,844.67 |
| | | Total | $4,173.53 | $0.00 | $4,173.53 |
| **Clm** | **Date** | **Check#** | **Principal** | **Int Pd** | **Total Paid** |
| 022-0 | SMITH JADIN JOHNSON | | | | |
| 022-0 | 9/29/2025 | 4733207 | $8.60 | $0.00 | $8.60 |
| 022-0 | 7/30/2025 | 4731043 | $56.23 | $0.00 | $56.23 |
| 022-0 | 6/27/2025 | 4729958 | $401.65 | $0.00 | $401.65 |
| 022-0 | 5/29/2025 | 4728906 | $892.12 | $0.00 | $892.12 |
| 022-0 | 4/29/2025 | 4727790 | $4,628.90 | $0.00 | $4,628.90 |
| | | Total | $5,987.50 | $0.00 | $5,987.50 |
| **Clm** | **Date** | **Check#** | **Principal** | **Int Pd** | **Total Paid** |
| 026-0 | Top Line Credit Union | | | | |
| 026-0 | 11/26/2025 | 4735331 | $245.05 | $0.00 | $245.05 |
| 026-0 | 10/29/2025 | 4734341 | $806.28 | $0.00 | $806.28 |
| 026-0 | 9/29/2025 | 4733280 | $1,374.25 | $0.00 | $1,374.25 |
| 026-0 | 8/28/2025 | 4732197 | $1,351.41 | $0.00 | $1,351.41 |
| 026-0 | 7/30/2025 | 4731120 | $1,195.93 | $0.00 | $1,195.93 |
| 026-0 | 6/27/2025 | 4730032 | $722.08 | $0.00 | $722.08 |
| | | Total | $5,695.00 | $0.00 | $5,695.00 |
| **Clm** | **Date** | **Check#** | **Principal** | **Int Pd** | **Total Paid** |
| 027-0 | The Department of the Treasury | | | | |
| 027-0 | 4/29/2026 | 8008713 | $133.00 | $0.00 | $133.00 |
| 027-0 | 3/30/2026 | 8008648 | $133.00 | $0.00 | $133.00 |
| 027-0 | 2/26/2026 | 8008588 | $133.00 | $0.00 | $133.00 |
| 027-0 | 1/29/2026 | 8008524 | $133.00 | $0.00 | $133.00 |

| Clm | Date | Check# | Principal | Int Pd | Total Paid |
|---|---|---|---|---|---|
| 027-0 | 12/30/2025 | 8008462 | $191.17 | $0.00 | $191.17 |
| 027-0 | 11/26/2025 | 8008404 | $257.99 | $0.00 | $257.99 |
| 027-0 | 10/29/2025 | 8008340 | $197.55 | $0.00 | $197.55 |
| 027-0 | 9/29/2025 | 8008280 | $132.56 | $0.00 | $132.56 |
| 027-0 | 8/28/2025 | 8008217 | $130.35 | $0.00 | $130.35 |
| 027-0 | 7/30/2025 | 8008157 | $115.36 | $0.00 | $115.36 |
| 027-0 | 6/27/2025 | 8008099 | $114.51 | $0.00 | $114.51 |
| 027-0 | 5/29/2025 | 8008038 | $133.00 | $0.00 | $133.00 |
| 027-0 | 4/29/2025 | 8007975 | $1,786.51 | $0.00 | $1,786.51 |
| | Total | | $3,591.00 | $0.00 | $3,591.00 |

| Clm | Date | Check# | Principal | Int Pd | Total Paid |
|---|---|---|---|---|---|
| 027-1 | The Department of the Treasury | | | | |
| 027-1 | 4/29/2026 | 8008713 | $998.07 | $0.00 | $998.07 |
| 027-1 | 3/30/2026 | 8008648 | $998.07 | $0.00 | $998.07 |
| 027-1 | 2/26/2026 | 8008588 | $998.06 | $0.00 | $998.06 |
| 027-1 | 1/29/2026 | 8008524 | $998.07 | $0.00 | $998.07 |
| 027-1 | 12/30/2025 | 8008462 | $620.54 | $0.00 | $620.54 |
| | Total | | $4,612.81 | $0.00 | $4,612.81 |

| Clm | Date | Check# | Principal | Int Pd | Total Paid |
|---|---|---|---|---|---|
| 400-1 | The Minnesota Department of Revenue | | | | |
| 400-1 | 4/29/2026 | 4740482 | $407.52 | $0.00 | $407.52 |
| 400-1 | 3/30/2026 | 4739342 | $407.52 | $0.00 | $407.52 |
| 400-1 | 2/26/2026 | 4738251 | $407.53 | $0.00 | $407.53 |
| 400-1 | 1/29/2026 | 4737206 | $407.52 | $0.00 | $407.52 |
| 400-1 | 12/30/2025 | 4736122 | $253.37 | $0.00 | $253.37 |
| | Total | | $1,883.46 | $0.00 | $1,883.46 |

dotloop signature verification: dtlp.us/Fzz7-LI6U-vK9C

**EXHIBIT D**

# ENGEL&VÖLKERS®

## PURCHASE AGREEMENT

This form is approved by the Minnesota Association of REALTORS®,
which disclaims any liability arising out of use or misuse of this form.
© 2019-2025 Minnesota Association of REALTORS®

1. Date _____05/18/2026_____
2. Page 1

3. BUYER (S): _____Kirsten Schmidt_____ - _____Jonathan Schmidt_____

4. _____

5. Buyer's earnest money in the amount of
6. _____Twenty two thousand, two hundred_____ Dollars ($ _22,200_____ )
7. shall be delivered to listing broker, or, if checked, to ☐ _____no later than two (2) Business
--------------------------------("Earnest Money Holder")----------------------------
8. Days after Final Acceptance Date. Buyer and Seller agree that earnest money shall be deposited in the trust account of
9. Earnest Money Holder as specified above within three (3) Business Days of receipt of the earnest money or Final
10. Acceptance Date, whichever is later.

11. Said earnest money is part payment for the purchase of the property located at
12. Street Address: _____3360 Wood Duck Drive NW_____
13. City of _____Prior Lake_____, County of _____Scott_____,
14. State of Minnesota, Zip Code _____55372_____, legally described as _____
15. _____SUBDIVISIONNAME WILDS 3RD ADDN,THE LOT 024 BLOCK 001 SUBDIVISIONCD 25337_____.

16. Said purchase shall include all improvements, fixtures, and appurtenances on the property, if any, including but not
17. limited to, the following (collectively the "Property"): garden bulbs, plants, shrubs, trees, lawn watering systems,
18. in-ground pet containment systems (excluding collars); sheds; playsets; storm sashes, storm doors, screens, and
19. awnings; window shades and blinds; traverses, curtain and drapery rods, valances, draperies, curtains, and window
20. coverings and treatments; towel rods; attached lighting and bulbs; fan fixtures; plumbing fixtures; garbage disposals;
21. water softeners; water treatment systems; water heating systems; heating systems; air exchange systems; environmental
22. remediation systems (e.g., radon, vapor intrusion); sump pumps; TV antennas, cable TV jacks and wiring, and TV
23. wall mounts; wall and ceiling speaker mounts; carpeting; attached mirrors; garage door openers and all controls; smoke
24. detectors; doorbells; thermostats; all integrated phone and home automation systems, including necessary components
25. such as intranet and Internet connected hardware or devices, control units (other than non-dedicated mobile devices,
26. electronics, and computers) and applicable software, permissions, passwords, codes, and access information; fireplace
27. screens, doors, and heatilators; **ANY OF THE FOLLOWING, IF BUILT-IN:** dishwashers, refrigerators, wine and beverage
28. refrigerators, trash compactors, ovens, cook-top stoves, warming drawers, microwave ovens, hood fans, shelving,
29. work benches, intercoms, speakers, air conditioning equipment, electronic air filters, humidifiers and dehumidifiers,
30. liquid fuel tanks and all controls, pool and spa equipment, propane tanks and all controls, security system equipment,
31. TV satellite dishes; the above-mentioned inclusions **AND** the following personal property shall be transferred with no
32. additional monetary value, and free and clear of all liens and encumbrances:
33. _____all kitchen appliances, washer & dryer as seen on 5/15/2026_____.
34. Notwithstanding the foregoing, leased fixtures are not included.
35. Notwithstanding the foregoing, the following item(s) are excluded from the purchase:
36. _____.

## PURCHASE PRICE:

38. Seller has agreed to sell the Property to Buyer for the sum of ($ _745,000_____ )
39. _____Seven hundred forty five thousand_____ Dollars,
40. which Buyer agrees to pay in the following manner:
41. 1. _____20_____ percent (%) of the sale price in **CASH**, or more in Buyer's sole discretion, including earnest money;
42. 2. _____80_____ percent (%) of the sale price in **MORTGAGE FINANCING**. (See following Mortgage Financing section.)
43. 3. _____ percent (%) of the sale price by **ASSUMING** Seller's current mortgage. (See attached *Addendum to*
44. *Purchase Agreement: Assumption Financing*.)
45. 4. _____ percent (%) of the sale price by **CONTRACT FOR DEED.** (See attached *Addendum to Purchase*
46. *Agreement: Contract for Deed Financing*.)

## CLOSING DATE:

48. **The date of closing shall be** _____June 26, 2026_____.

MN:PA-1 (8/25)



dotloop signature verification: dtlp.us/Fzz7-Ll6U-vK9C

**PURCHASE AGREEMENT**

49.   Page 2   Date _____05/18/2026_____

Property located at _____3360 Wood Duck Drive NW, Prior Lake, MN 55372_____

## MORTGAGE FINANCING:

This Purchase Agreement ☑ **IS** ☐ **IS NOT** subject to the mortgage financing provisions below. If **IS**, complete the
-------(Check one.)-----
**MORTGAGE FINANCING** section below. If **IS NOT**, proceed to the **SELLER'S CONTRIBUTIONS TO BUYER'S COSTS** section.

Such mortgage financing shall be: *(Check one.)*

☑ **FIRST MORTGAGE only** ☐ **FIRST MORTGAGE AND SUBORDINATE FINANCING**.

Buyer shall apply for and secure, at Buyer's expense, a: *(Check all that apply.)*
☑ **CONVENTIONAL OR PRIVATELY INSURED CONVENTIONAL**
☐ **DEPARTMENT OF VETERANS' AFFAIRS ("DVA") GUARANTEED**
☐ **FEDERAL HOUSING ADMINISTRATION ("FHA") INSURED**
☐ **UNITED STATES DEPARTMENT OF AGRICULTURE ("USDA") RURAL DEVELOPMENT**
☐ **OTHER** _____

mortgage in the amount stated in this Purchase Agreement, amortized over a period of not more than
____30____ years, with an initial interest rate at no more than ___market___ percent (%) per annum. The mortgage application **IS TO BE MADE WITHIN FIVE (5) BUSINESS DAYS** after the Final Acceptance Date. Buyer agrees to use best efforts to secure a commitment for such financing and to execute all documents required to consummate said financing.

**LOCKING OF MORTGAGE INTEREST RATE ("RATE")**: The Rate shall be locked with the lender(s) by Buyer: *(Check one.)*

☐ **WITHIN FIVE (5) BUSINESS DAYS OF FINAL ACCEPTANCE DATE; OR**

☑ **AT ANY TIME PRIOR TO CLOSING OR AS REQUIRED BY LENDER(S).**

**MORTGAGE FINANCING CONTINGENCY:** This Purchase Agreement is contingent upon the following and applies to the first mortgage and any subordinate financing. *(Check one.)*

☑  If Buyer cannot secure the financing specified in this Purchase Agreement, and this Purchase Agreement does not close on the closing date specified, this Purchase Agreement is canceled. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid here to be

☐ **REFUNDED TO BUYER** ☑ **FORFEITED TO SELLER**.
--------------------------------------------(Check one.)-------------------------------------------

**NOTE:**  If this Purchase Agreement is subject to DVA or FHA financing, **FORFEITED TO SELLER** may be prohibited. See the following DVA and FHA Escape Clauses.

OR

☐  Buyer shall provide Seller, or licensee representing or assisting Seller, with the Written Statement, on or before _____.

For purposes of this Contingency, "**Written Statement**" means a Written Statement prepared by Buyer's mortgage originator(s) or lender(s) after the Final Acceptance Date that Buyer is approved for the loan(s) specified in this Purchase Agreement, including both the first mortgage and any subordinate financing, if any, and stating that an appraisal, satisfactory to the lender(s), has been completed or the lender(s) has waived the appraisal and stating conditions required by lender(s) to close the loan.

Upon delivery of the Written Statement to Seller, or licensee representing or assisting Seller, the obligation for satisfying all conditions required by mortgage originator(s) or lender(s), except those conditions specified below, are deemed accepted by Buyer:
(a)  work orders agreed to be completed by Seller;
(b)  any other financing terms agreed to be completed by Seller here; and
(c)  any contingency for the sale and closing of Buyer's property pursuant to this Purchase Agreement.

MN:PA-2 (8/25)

**Minnesota Realtors®**

dotloop signature verification: dtlp.us/Fzz7-Ll6U-vK9C

## PURCHASE AGREEMENT

94.   Page 3   Date _____ 05/18/2026

Property located at _____ 3360 Wood Duck Drive NW, Prior Lake, MN 55372 _____,

Upon delivery of the Written Statement, if this Purchase Agreement does not close on the stated closing date for **ANY REASON** relating to financing, including, but not limited to interest rate and discount points, if any, then Seller may, at Seller's option, declare this Purchase Agreement canceled, in which case this Purchase Agreement is canceled. If Seller declares this Purchase Agreement canceled, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid here to be **FORFEITED TO SELLER** as liquidated damages. In the alternative, Seller may seek all other remedies allowed by law.

Notwithstanding the language in the preceding paragraph, Seller may not declare this Purchase Agreement canceled if the reason this Purchase Agreement does not close was due to:
(a)  Seller's failure to complete work orders to the extent required by this Purchase Agreement;
(b)  Seller's failure to complete any other financing terms agreed to be completed by Seller here; or
(c)  any contingency for the sale and closing of Buyer's property pursuant to this Purchase Agreement, except as specified in the contingency for sale and closing of Buyer's property.

If the Written Statement is not provided by the date specified on line 82, Seller may, at Seller's option, declare this Purchase Agreement canceled by written notice to Buyer at any time prior to Seller receiving the Written Statement, in which case this Purchase Agreement is canceled. In the event Seller declares this Purchase Agreement canceled, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid here to be ☐ **RETAINED BY SELLER** ☐ **REFUNDED TO BUYER**.
-----------------------------------*(Check one.)*-----------------------------------

If the Written Statement is not provided, and Seller has not previously canceled this Purchase Agreement, this Purchase Agreement is canceled as of the closing date specified in this Purchase Agreement. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid here to be ☐ **RETAINED BY SELLER** ☐ **REFUNDED TO BUYER**.
-----------------------------------*(Check one.)*-----------------------------------

**LENDER COMMITMENT WORK ORDERS:** Seller agrees to pay up to $ _0_____ to make repairs as required by the lender commitment. If the lender commitment is subject to any work orders for which the cost of making said repairs shall exceed this amount, Seller shall have the following options:
(a)  making the necessary repairs; or
(b)  negotiating the cost of making said repairs with Buyer; or
(c)  declaring this Purchase Agreement canceled, in which case this Purchase Agreement is canceled. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid here to be refunded to Buyer, unless Buyer provides for payment of the cost of said repairs or escrow amounts related thereto above the amount specified on line 117 of this Purchase Agreement.

☐ **SELLER**  ☑ **BUYER** agrees to pay any reinspection fee required by Buyer's lender(s).
-----------*(Check one.)*-------------

**FHA ESCAPE CLAUSE (FHA Financing only):** "It is expressly agreed that, notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the Property described here or to incur any penalty by forfeiture of earnest money deposits or otherwise, unless the purchaser has been given in accordance with the Department of Housing and Urban Development ("HUD")/FHA or DVA requirements a written statement by the Federal Housing Commissioner, Department of Veterans' Affairs, or a Direct Endorsement lender setting forth the appraised value of the Property as not less than $ _____ .
(sale price)

The purchaser shall have the privilege and option of proceeding with consummation of the contract without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage HUD will insure; HUD does not warrant the value nor the condition of the Property. The purchaser should satisfy himself/herself that the price and condition of the Property are acceptable."

MN:PA-3 (8/25)



**PURCHASE AGREEMENT**

137.  Page 4   Date _____ 05/18/2026

138. Property located at _____ 3360 Wood Duck Drive NW, Prior Lake, MN 55372 _____.

139. **LENDER PROCESSING FEES (FHA, DVA Financing Only):** Seller agrees to pay Buyer's closing fees and

140. miscellaneous processing fees which cannot be charged to Buyer, not to exceed $ _____ .
141. This amount is in addition to Seller's Contributions to Buyer's Costs, if applicable.

142. **DVA FUNDING FEE (DVA Financing only):** Pursuant to federal regulations, a one-time Funding Fee based on loan
143. amount, not otherwise waived, must be paid at closing of this transaction as follows:

144. _____ paid by Buyer ☐ **AT CLOSING** ☐ **ADDED TO MORTGAGE AMOUNT**
----------------------------------------*(Check one.)*----------------------------------------

145. _____ paid by Seller

146. **NOTE: DVA regulations limit the fees and charges Buyer can pay to obtain a DVA loan.**

147. **DEPARTMENT OF VETERANS' AFFAIRS ESCAPE CLAUSE (DVA Financing only):** "It is expressly agreed that,
148. notwithstanding any other provisions of this contract, the purchaser shall not incur any penalty by forfeiture of earnest
149. money or otherwise be obligated to complete the purchase of the Property described here, if the contract purchase
150. price or cost exceeds the reasonable value of this Property established by the Department of Veterans' Affairs. The
151. purchaser shall, however, have the privilege and option of proceeding with the consummation of this contract without
152. regard to the amount of reasonable value established by the Department of Veterans' Affairs."

153. **NOTE:    Verify DVA requirements relating to payment of all special assessments levied and pending, and
154.             annual installments of special assessments certified to yearly taxes.**

155. **OTHER MORTGAGE FINANCING ITEMS:** _____

156. | Buyer agrees to pay the full difference between the appraised value and the purchase price, in the event the property does not appraise at or above the purchase price. |

157. ## SELLER'S CONTRIBUTIONS TO BUYER'S COSTS:

158. Seller ☐ **IS** ☑ **IS NOT** contributing to Buyer's costs. If answer is **IS**, Seller agrees to pay at closing, up to: *(Check one.)*
------*(Check one.)*-----

159. ☐ $ _____

160. ☐ _____ percent (%) of the sale price
161. towards Buyer's closing fees, title service fees, title searches, title examinations, abstracting, lender's title insurance,
162. owner's title insurance, prepaid items, other Buyer's costs allowable by lender, if any, and/or mortgage discount points. Any
163. amount of Seller's contribution that exceeds Buyer's allowable costs, or which cannot be used because Seller's
164. contribution exceeds the maximum Seller contribution allowed by law or by mortgage requirements, shall be retained
165. by Seller.

166. **NOTE:  The amount paid by Seller cannot exceed the maximum Seller contribution allowed by FHA, DVA, or
167.           lender. All funds paid by Seller on behalf of Buyer must be stated on the Closing Disclosure at closing.**

168. ## INSPECTIONS:

169. Buyer has been made aware of the availability of Property inspections. Buyer ☑ **ELECTS** ☐ **DECLINES** to have a
--------------*(Check one.)*----------------

170. Property inspection performed at Buyer's expense.

171. This Purchase Agreement ☐ **IS** ☑ **IS NOT** contingent upon any inspection(s) of the Property obtained by Buyer to
------*(Check one.)*-----

172. determine its condition, including any non-intrusive testing or any intrusive testing as allowed pursuant to this Purchase
173. Agreement.

174. Any inspection(s) or test(s) shall be done by an inspector(s) or tester(s) of Buyer's choice. **Buyer shall satisfy Buyer**
175. **as to the qualifications of the inspector(s) or tester(s).** For purposes of this Purchase Agreement, "intrusive testing"
176. shall mean any testing, inspection(s), or investigation(s) that changes the Property from its original condition or
177. otherwise damages the Property.

178. Seller ☐ **DOES** ☑ **DOES NOT** agree to allow Buyer to perform intrusive testing or inspection(s).
-------------*(Check one.)*-------------

179. If answer is **DOES**, Buyer agrees that the Property shall be returned to the same condition it was in prior to Buyer's
180. intrusive testing at Buyer's sole expense.

MN:PA-4 (8/25)

Minnesota Realtors®

## PURCHASE AGREEMENT

181.  Page 5   Date _____05/18/2026_____

182.  Property located at _____3360 Wood Duck Drive NW, Prior Lake, MN 55372_____

183.  Seller will provide access to attic(s) and crawlspace(s).

184.  Within _____5_____ Calendar Days of Final Acceptance Date, all inspection(s), test(s), and resulting negotiations, if any,
185.  shall be done ("Inspection Period").

186.  If this Purchase Agreement is contingent upon inspection, Buyer may cancel this Purchase Agreement based on the
187.  inspection(s) or test result(s) by providing written notice to Seller, or licensee representing or assisting Seller, of Buyer's
188.  election to cancel no later than the end of the Inspection Period. If Buyer cancels this Purchase Agreement, then the
189.  Purchase Agreement is canceled. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement*
190.  confirming said cancellation and directing all earnest money paid here to be refunded to Buyer. If Buyer does not
191.  cancel this Purchase Agreement before the end of the Inspection Period, then this Inspection Contingency shall be
192.  deemed removed and this Purchase Agreement shall be in full force and effect.

193.  **OTHER INSPECTION ITEMS:**

194.
195.
196.

## SALE OF BUYER'S PROPERTY:

198.  *(Check one.)*

199.  ☐  1.  This Purchase Agreement is subject to an *Addendum to Purchase Agreement: Sale of Buyer's Property*
200.       *Contingency* for the sale of Buyer's property. (If checked, see attached *Addendum*.)

201.  OR

202.  ☐  2.  This Purchase Agreement is contingent upon the successful closing on the Buyer's property located at
203.       _____, which is scheduled to close on
204.       _____ pursuant to a fully executed purchase agreement. If Buyer's
205.       property does not close by the closing date specified in this Purchase Agreement, this Purchase Agreement
206.       is canceled. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said
207.       cancellation and directing all earnest money paid here to be refunded to Buyer. The language in this paragraph
208.       supersedes any other provision to the contrary in any financing contingency made a part of this Purchase
209.       Agreement, if applicable.

210.  OR

211.  ☑  3.  Buyer represents that Buyer has the financial ability to perform on this Purchase Agreement without the sale
212.       and closing on any other property.

## REAL ESTATE TAXES/SPECIAL ASSESSMENTS:

214.  **REAL ESTATE TAXES:** Seller shall pay on the date of closing all real estate taxes due and payable in all prior years
215.  including all penalties and interest.

216.  Buyer shall pay ☑ **PRORATED FROM DAY OF CLOSING** ☐ **ALL** ☐ **NONE** ☐ _____ **/12ths OF** real estate taxes
-------------------------------------------------------*(Check one.)*-------------------------------------------------------
217.  due and payable in the year of closing.

218.  Seller shall pay ☑ **PRORATED TO DAY OF CLOSING** ☐ **ALL** ☐ **NONE** ☐ _____ **/12ths OF** real estate taxes due and
-------------------------------------------------*(Check one.)*-------------------------------------------------
219.  payable in the year of closing.

220.  If the Property tax status is a part- or non-homestead classification in the year of closing, Seller ☐ **SHALL** ☑ **SHALL NOT**
------------*(Check one.)*---------------
221.  pay the difference between the homestead and non-homestead.

222.  Buyer shall pay real estate taxes due and payable in the year following closing and thereafter, the payment of which
223.  is not otherwise here provided. No representations are made concerning the amount of subsequent real estate taxes.

MN:PA-5 (8/25)

Minnesota Realtors®

dotloop signature verification: dtlp.us/Fzz7-Ll6U-vK9C

**PURCHASE AGREEMENT**

224.  Page 6   Date _____ 05/18/2026 _____

225. Property located at _____ 3360 Wood Duck Drive NW, Prior Lake, MN 55372 _____

226. **DEFERRED TAXES/SPECIAL ASSESSMENTS:**

227. ☐ **BUYER SHALL PAY** ☑ **SELLER SHALL PAY** on date of closing any deferred real estate taxes (e.g., Green
-----------------------------------*(Check one.)*-----------------------------------
228. Acres) or special assessments, payment of which is required as a result of the closing of this sale.

229. ☑ **BUYER AND SELLER SHALL PRORATE AS OF THE DATE OF CLOSING** ☐ **SELLER SHALL PAY ON**
-------------------------------------------------------------------*(Check one.)*-------------------------------------------------------------------
230. **DATE OF CLOSING** all installments of special assessments certified for payment, with the real estate taxes due and
231. payable in the year of closing.

232. ☑ **BUYER SHALL ASSUME** ☐ **SELLER SHALL PAY** on date of closing all other special assessments levied as
-------------------------------------*(Check one.)*-------------------------------------
233. of the Date of this Purchase Agreement. Notwithstanding the foregoing, Buyer shall assume any levied assessments
234. that cannot be paid in the year of closing.

235. ☑ **BUYER SHALL ASSUME** ☐ **SELLER SHALL PROVIDE FOR PAYMENT OF** special assessments pending as
-------------------------------------------------------------*(Check one.)*-------------------------------------------------------------
236. of the Date of this Purchase Agreement for improvements that have been ordered by any assessing authorities. (Seller's
237. provision for payment shall be by payment into escrow of two (2) times the estimated amount of the assessments
238. or less, as required by Buyer's lender.)

239. Buyer shall pay any unpaid special assessments payable in the year following closing and thereafter, the payment of
240. which is not otherwise here provided.

241. As of the Date of this Purchase Agreement, Seller represents that Seller ☑ **HAS** ☐ **HAS NOT** received a notice
-----------*(Check one.)*-----------
242. regarding any new improvement project from any assessing authorities, the costs of which project may be assessed
243. against the Property. Any such notice received by Seller after the Date of this Purchase Agreement and before closing
244. shall be provided to Buyer immediately. If such notice is issued after the date of this Purchase Agreement and on
245. or before the date of closing, then the parties may agree in writing, on or before the date of closing, to pay, provide
246. for the payment of, or assume the special assessments. In the absence of such agreement, either party may declare
247. this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other
248. party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled,
249. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
250. directing all earnest money paid here to be refunded to Buyer.

## ADDITIONAL PROVISIONS:

252. **PREVIOUSLY EXECUTED PURCHASE AGREEMENT:** This Purchase Agreement ☐ **IS** ☑ **IS NOT** subject to
--------*(Check one.)*-------
253. cancellation of a previously executed purchase agreement dated _____ .

254. (If answer is **IS,** said cancellation shall be obtained no later than _____ .
255. If said cancellation is not obtained by said date, this Purchase Agreement is canceled. Buyer and Seller shall immediately
256. sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid here to
257. be refunded to Buyer.)

258. **DEED/MARKETABLE TITLE:** Upon performance by Buyer, Seller shall deliver a: *(Check one.)*
259. ☑ **WARRANTY DEED** ☐ **PERSONAL REPRESENTATIVE'S DEED** ☐ **CONTRACT FOR DEED** ☐ **TRUSTEE'S DEED**

260. ☐ **OTHER:** _____ **DEED** joined in by spouse, if any, conveying marketable title, subject to
261.     (a)  building and zoning laws, ordinances, and state and federal regulations;
262.     (b)  restrictions relating to use or improvement of the Property without effective forfeiture provisions;
263.     (c)  reservation of any mineral rights by the State of Minnesota;
264.     (d)  utility and drainage easements which do not interfere with existing improvements;
265.     (e)  rights of tenants as follows (unless specified, not subject to tenancies): _____
266.        _____ ; and
267.     (f)  others (must be specified in writing): _____
268.        _____ .

MN:PA-6 (8/25)



**PURCHASE AGREEMENT**

269.  Page 7   Date _____05/18/2026_____

Property located at ___3360 Wood Duck Drive NW, Prior Lake, MN 55372___.

**POSSESSION**: Seller shall deliver possession of the Property: *(Check one.)*

☑ **IMMEDIATELY AFTER CLOSING**; or

☐ **OTHER:** _____ .

Seller agrees to remove ALL DEBRIS AND ALL PERSONAL PROPERTY NOT INCLUDED HERE from the Property by possession date.

**LINKED DEVICES:** Seller warrants that Seller shall permanently disconnect or discontinue Seller's access or service to any device or system on or serving the property that is connected or controlled wirelessly, via internet protocol ("IP") to a router or gateway or directly to the cloud no later than delivery of possession as specified in this Purchase Agreement.

**PRORATIONS:** All interest; unit owners' association dues; rents; and charges for city water, city sewer, electricity, and natural gas shall be prorated between the parties as of date of closing. Buyer shall pay Seller for remaining gallons of fuel oil or liquid petroleum gas on the day of closing, at the rate of the last fill by Seller.

**TITLE AND EXAMINATION:** As quickly as reasonably possible after Final Acceptance Date:
   (a) Seller shall deliver any abstract of title and a copy of any owner's title insurance policy for the Property, if in Seller's possession or control, to Buyer or Buyer's designated title service provider. Any abstract of title or owner's title insurance policy provided shall be immediately returned to Seller, or licensee representing or assisting Seller, upon cancellation of this Purchase Agreement; and
   (b) Buyer shall obtain the title services determined necessary or desirable by Buyer or Buyer's lender, including but not limited to title searches, title examinations, abstracting, a title insurance commitment, or an attorney's title opinion at Buyer's selection and cost and provide a copy to Seller.

Seller shall use Seller's best efforts to provide marketable title by the date of closing. Seller agrees to pay all costs and fees necessary to convey marketable title including obtaining and recording all required documents, subject to the following:

In the event Seller has not provided marketable title by the date of closing, Seller shall have an additional thirty (30) days to make title marketable, or in the alternative, Buyer may waive title defects by written notice to Seller. In addition to the thirty (30)-day extension, Buyer and Seller may, by mutual agreement, further extend the closing date. Lacking such extension, either party may declare this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid here to be refunded to Buyer.

**SUBDIVISION OF LAND, BOUNDARIES, AND ACCESS:** If this sale constitutes or requires a subdivision of land owned by Seller, Seller shall pay all subdivision expenses and obtain all necessary governmental approvals. Seller warrants that the legal description of the real property to be conveyed has been or shall be approved for recording as of the date of closing. Seller warrants that the buildings are or shall be constructed entirely within the boundary lines of the Property. Seller warrants that there is a right of access to the Property from a public right-of-way.

**MECHANIC'S LIENS:** Seller warrants that prior to the closing, payment in full will have been made for all labor, materials, machinery, fixtures, or tools furnished within the 120 days immediately preceding the closing in connection with construction, alteration, or repair of any structure on, or improvement to, the Property.

**NOTICES:** Seller warrants that Seller has not received any notice from any governmental authority as to condemnation proceedings, or violation of any law, ordinance, or regulation. If the Property is subject to restrictive covenants, Seller warrants that Seller has not received any notice from any person or authority as to a breach of the covenants. Any such notices received by Seller shall be provided to Buyer immediately. Discriminatory restrictive covenants (e.g. provisions against conveyance of property to any person of a specified religious faith, creed, national origin, race, or color) are illegal and unenforceable. An owner of real property may permanently remove such restrictive covenants from the title by recording a statutory form in the office of the county recorder of any county where the property is located.

**DIMENSIONS:** Buyer acknowledges any dimensions, square footage, or acreage of land or improvements provided by Seller, third party, or broker representing or assisting Seller are approximate. Buyer shall verify the accuracy of information to Buyer's satisfaction, if material, at Buyer's sole cost and expense.

**ACCESS AGREEMENT:** Seller agrees to allow reasonable access to the Property for performance of any surveys or inspections agreed to here.

MN:PA-7 (8/25)


Minnesota Realtors®

## PURCHASE AGREEMENT

322.  Page 8   Date _____05/18/2026_____

Property located at _____3360 Wood Duck Drive NW, Prior Lake, MN 55372_____,

**RISK OF LOSS:** If there is any loss or damage to the Property between the Date of this Purchase Agreement and the date of closing for any reason, including fire, vandalism, flood, earthquake, or act of God, the risk of loss shall be on Seller. If the Property is destroyed or substantially damaged before the closing date, this Purchase Agreement is canceled, at Buyer's option, by written notice to Seller or licensee representing or assisting Seller. If Buyer cancels this Purchase Agreement, Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money paid here to be refunded to Buyer.

**TIME OF ESSENCE:** Time is of the essence in this Purchase Agreement.

**CALCULATION OF DAYS:** Any calculation of days begins on the first day (Calendar or Business Days as specified) following the occurrence of the event specified and includes subsequent days (Calendar or Business Days as specified) ending at 11:59 P.M. on the last day.

**BUSINESS DAYS:** "Business Days" are days which are not Saturdays, Sundays, or state or federal holidays unless stated elsewhere by the parties in writing.

**CALENDAR DAYS:** "Calendar Days" include Saturdays, Sundays, and state and federal holidays. For purposes of this Agreement, any reference to "days" means "Calendar Days" unless otherwise required by law.

**RELEASE OF EARNEST MONEY:** Buyer and Seller agree that the Earnest Money Holder shall release earnest money from the Earnest Money Holder's trust account:

(a)  at or upon the successful closing of the Property;

(b)  pursuant to written agreement between the parties, which may be reflected in a *Cancellation of Purchase Agreement* executed by both Buyer and Seller;

(c)  upon receipt of an affidavit of a cancellation under MN Statute 559.217; or

(d)  upon receipt of a court order.

**DEFAULT:** If Buyer defaults in any of the agreements here, Seller may cancel this Purchase Agreement, and any payments made here, including earnest money, shall be retained by Seller as liquidated damages and Buyer and Seller shall affirm the same by a written cancellation agreement.

If Buyer defaults in any of the agreements here, Seller may terminate this Purchase Agreement under the provisions of either MN Statute 559.21 or MN Statute 559.217, whichever is applicable. If either Buyer or Seller defaults in any of the agreements here or there exists an unfulfilled condition after the date specified for fulfillment, either party may cancel this Purchase Agreement under MN Statute 559.217, Subd. 3. Whenever it is provided here that this Purchase Agreement is canceled, said language shall be deemed a provision authorizing a Declaratory Cancellation under MN Statute 559.217, Subd. 4.

If this Purchase Agreement is not canceled or terminated as provided here, Buyer or Seller may seek actual damages for breach of this Purchase Agreement or specific performance of this Purchase Agreement; and, as to specific performance, such action must be commenced within six (6) months after such right of action arises.

**NOTICE REGARDING PREDATORY OFFENDER INFORMATION: Information regarding the predatory offender registry and persons registered with the predatory offender registry under MN Statute 243.166 may be obtained by contacting the local law enforcement offices in the community where the Property is located or the Minnesota Department of Corrections at (651) 361-7200, or from the Department of Corrections web site at https://coms.doc.state.mn.us/publicregistrantsearch.**

**BUYER HAS THE RIGHT TO A WALK-THROUGH REVIEW OF THE PROPERTY PRIOR TO CLOSING TO ESTABLISH THAT THE PROPERTY IS IN SUBSTANTIALLY THE SAME CONDITION AS OF THE DATE OF THIS PURCHASE AGREEMENT.**

BUYER HAS RECEIVED A: *(Check any that apply.)* ☑ *DISCLOSURE STATEMENT: SELLER'S PROPERTY DISCLOSURE STATEMENT* OR A ☐ *DISCLOSURE STATEMENT: SELLER'S DISCLOSURE ALTERNATIVES* FORM.

**DESCRIPTION OF PROPERTY CONDITION:** See *Disclosure Statement: Seller's Property Disclosure Statement* or *Disclosure Statement: Seller's Disclosure Alternatives* for description of disclosure responsibilities and limitations, if any.

**BUYER HAS RECEIVED THE INSPECTION REPORTS, IF REQUIRED, BY MUNICIPALITY.**

BUYER IS NOT RELYING ON ANY ORAL REPRESENTATIONS REGARDING THE CONDITION OF THE PROPERTY AND ITS CONTENTS.

MN:PA-8 (8/25)



**PURCHASE AGREEMENT**

373.  Page 9   Date _____05/18/2026_____

374.  Property located at _____3360 Wood Duck Drive NW, Prior Lake, MN 55372_____.

---

375.  *(Check appropriate boxes.)*

376.  SELLER WARRANTS THAT THE PROPERTY IS EITHER DIRECTLY OR INDIRECTLY CONNECTED TO:

377.  **CITY SEWER** ☑ **YES** ☐ **NO / CITY WATER** ☑ **YES** ☐ **NO**

378.  **SUBSURFACE SEWAGE TREATMENT SYSTEM**

379.  SELLER ☐ **DOES** ☑ **DOES NOT** KNOW OF A SUBSURFACE SEWAGE TREATMENT SYSTEM ON OR
----------------*(Check one.)*--------------

380.  SERVING THE PROPERTY.  (If answer is **DOES**, and the system does not require a state permit, see *Disclosure*
381.  *Statement: Subsurface Sewage Treatment System*.)

382.  **PRIVATE WELL**

383.  SELLER ☐ **DOES** ☑ **DOES NOT** KNOW OF A WELL ON OR SERVING THE PROPERTY.
------------------*(Check one.)*------------------

384.  (If answer is **DOES** and well is located on the Property, see *Disclosure Statement: Well*.)

385.  THIS PURCHASE AGREEMENT ☐ **IS** ☑ **IS NOT** SUBJECT TO AN *ADDENDUM TO PURCHASE AGREEMENT:*
-------*(Check one.)*------

386.  *SUBSURFACE SEWAGE TREATMENT SYSTEM AND WELL INSPECTION CONTINGENCY*.
387.  (If answer is **IS**, see attached *Addendum*.)

388.  **IF A WELL OR SUBSURFACE SEWAGE TREATMENT SYSTEM EXISTS ON THE PROPERTY, BUYER HAS**
389.  **RECEIVED A *DISCLOSURE STATEMENT: WELL* AND/OR A *DISCLOSURE STATEMENT: SUBSURFACE SEWAGE***
390.  ***TREATMENT SYSTEM.***

---

391.  **HOME PROTECTION/WARRANTY PLAN:** Buyer and Seller are advised to investigate the various home protection/
392.  warranty plans available for purchase. Different home protection/warranty plans have different coverage options,
393.  exclusions, limitations, and service fees. Most plans exclude pre-existing conditions. *(Check one.)*

394.  ☐  A Home Protection/Warranty Plan will be obtained by ☐ **BUYER** ☐ **SELLER** and paid for by
----------------*(Check one.)*----------------

395.  ☐ **BUYER** ☐ **SELLER** to be issued by _____
--------------*(Check one.)*------------

396.  at a cost not to exceed $ _____.

397.  ☑  No Home Protection/Warranty Plan is negotiated as part of this Purchase Agreement. However, Buyer may elect
398.  to purchase a Home Protection/Warranty Plan.

---

399.                                 **AGENCY NOTICE**

400.  _____Laura Sima_____   is ☐ **Seller's Agent** ☑ **Buyer's Agent** ☐ **Dual Agent** ☐ **Facilitator**.
(Licensee)                          ------------------------------------------------*(Check one.)*------------------------------------------

401.  _____Engel & Volkers Lake Minnetonka_____
(Real Estate Company Name)

402.  _____Daniel Desrochers_____   is ☑ **Seller's Agent** ☐ **Buyer's Agent** ☐ **Dual Agent** ☐ **Facilitator**.
(Licensee)                          ------------------------------------------------*(Check one.)*------------------------------------------

403.  _____eXp Realty_____
(Real Estate Company Name)

404.  **THIS NOTICE DOES <u>NOT</u> SATISFY MINNESOTA STATUTORY AGENCY DISCLOSURE REQUIREMENTS.**

---

405.  **SELLER'S CONTRIBUTION TO BUYER'S BROKER'S COMPENSATION:** Seller agrees to pay buyer's broker's

406.  compensation at closing _____2.7_____ percent (%) of the selling price or $ _____ whichever is
407.  greater.  This is in addition to any Seller's contribution to Buyer's closing costs paid at closing. This amount is in
408.  addition to the listing broker's offer of cooperating compensation, if any.

MN:PA-9 (8/25)



**PURCHASE AGREEMENT**

409.  Page 10  Date _____ 05/18/2026

410.  Property located at 3360 Wood Duck Drive NW, Prior Lake, MN 55372 _____ .

---

**DUAL AGENCY REPRESENTATION**

**PLEASE CHECK _ONE_ OF THE FOLLOWING SELECTIONS:**

☑ Dual Agency representation **DOES NOT** apply in this transaction. *Do not complete lines 414–430.*

☐ Dual Agency representation **DOES** apply in this transaction. *Complete the disclosure in lines 415-430.*

Broker represents both the Seller(s) and the Buyer(s) of the Property involved in this transaction, which creates a dual agency. This means that Broker and its salespersons owe fiduciary duties to both Seller(s) and Buyer(s). Because the parties may have conflicting interests, Broker and its salespersons are prohibited from advocating exclusively for either party. Broker cannot act as a dual agent in this transaction without the consent of both Seller(s) and Buyer(s). Seller(s) and Buyer(s) acknowledge that

(1) confidential information communicated to Broker which regards price, terms, or motivation to buy or sell will remain confidential unless Seller(s) or Buyer(s) instructs Broker in writing to disclose this information. Other information will be shared;

(2) Broker and its salespersons will not represent the interest of either party to the detriment of the other; and

(3) within the limits of dual agency, Broker and its salespersons will work diligently to facilitate the mechanics of the sale.

With the knowledge and understanding of the explanation above, Seller(s) and Buyer(s) authorize and instruct Broker and its salesperson to act as dual agents in this transaction.

Seller _____     Buyer _____

Seller _____     Buyer _____

Date _____     Date _____

---

**CLOSING COSTS:** Buyer or Seller may be required to pay certain closing costs, which may effectively increase the cash outlay at closing or reduce the proceeds from the sale.

**SETTLEMENT STATEMENT:** Buyer and Seller authorize the title company, escrow agent, and/or their representatives to disclose and provide copies of the disbursing agent's settlement statement to the real estate licensees involved in the transaction at the time these documents are provided to Buyer and Seller.

**FOREIGN INVESTMENT IN REAL PROPERTY TAX ACT ("FIRPTA"):** Section 1445 of the Internal Revenue Code provides that a transferee ("Buyer") of a United States real property interest must be notified in writing and must withhold tax if the transferor ("Seller") is a foreign person and no exceptions from FIRPTA withholding apply. Buyer and Seller agree to comply with FIRPTA requirements under Section 1445 of the Internal Revenue Code.

Seller shall represent and warrant, under the penalties of perjury, whether Seller is a "foreign person" (as the same is defined within FIRPTA), prior to closing. Any representations made by Seller with respect to this issue shall survive the closing and delivery of the deed.

Buyer and Seller shall complete, execute, and deliver, on or before closing, any instrument, affidavit, or statement reasonably necessary to comply with the FIRPTA requirements, including delivery of their respective federal taxpayer identification numbers or Social Security numbers.

Due to the complexity and potential risks of failing to comply with FIRPTA, including the Buyer's responsibility for withholding the applicable tax, Buyer and Seller should **seek appropriate legal and tax advice regarding FIRPTA compliance, as the respective licensee's representing or assisting either party will be unable to assure either party whether the transaction is exempt from FIRPTA withholding requirements.**

MN:PA-10 (8/25)



dotloop signature verification: dtlp.us/Fzz7-LI6U-vK9C

# PURCHASE AGREEMENT

450.  Page 11  Date _____ 05/18/2026

451.  Property located at _____ 3360 Wood Duck Drive NW, Prior Lake, MN 55372 _____ .

452. **FULLY EXECUTED PURCHASE AGREEMENT AND FINAL ACCEPTANCE:** To be binding, this Purchase Agreement and all addenda must be fully executed by both parties and a copy must be delivered.

454. **ELECTRONIC SIGNATURES:** The parties agree the electronic signature of any party on any document related to this transaction constitute valid, binding signatures.

456. **ENTIRE AGREEMENT:** This Purchase Agreement and all addenda and amendments signed by the parties shall constitute the entire agreement between Buyer and Seller. Any other written or oral communication between Buyer and Seller, including, but not limited to, e-mails, text messages, or other electronic communications are not part of this Purchase Agreement. This Purchase Agreement can be modified or canceled only in writing signed by Seller and Buyer or by operation of law. All monetary sums are deemed to be United States currency for purposes of this Purchase Agreement.

462. **SURVIVAL:** All warranties specified in this Purchase Agreement shall survive the delivery of the deed or contract for deed.

464. **DATE OF THIS PURCHASE AGREEMENT:** Date of this Purchase Agreement to be defined as the date on line one (1) of this Purchase Agreement.

466. **OTHER:**

Buyer to contribute $18,000 towards Sellers' closing costs at closing as an additional benefit to Seller, separate from and in addition to the Purchase Price.

476. **ADDENDA: The following addenda are attached and made a part of this Purchase Agreement.**

477. **NOTE: Disclosures and optional Arbitration Agreement are not part of this Purchase Agreement.**

478. ☐ *Addendum to Purchase Agreement*
479. ☐ *Addendum to Purchase Agreement: Additional Signatures*
480. ☐ *Addendum to Purchase Agreement: Assumption Financing*
481. ☐ *Addendum to Purchase Agreement: Buyer Move-In Agreement*
482. ☐ *Addendum to Purchase Agreement: Buyer Purchasing "As Is" and Limitation of Seller Liability*
483. ☐ *Addendum to Purchase Agreement: Condominium/Townhouse/Cooperative Common Interest Community ("CIC")*
484. ☐ *Addendum to Purchase Agreement: Contract for Deed Financing*
485. ☐ *Addendum to Purchase Agreement: Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards*
486. ☐ *Addendum to Purchase Agreement: Sale of Buyer's Property Contingency*
487. ☐ *Addendum to Purchase Agreement: Seller's Rent Back Agreement*
488. ☐ *Addendum to Purchase Agreement: Seller's Purchase/Lease Contingency*
489. ☐ *Addendum to Purchase Agreement: Short Sale Contingency*
490. ☐ *Addendum to Purchase Agreement: Subsurface Sewage Treatment System and Well Water Inspection Contingency*
491. ☐ Other: _____

MN:PA-11 (8/25)



dotloop signature verification: dtlp.us/Fzz7-Ll6U-vK9C

**PURCHASE AGREEMENT**

492.  Page 12  Date _____ 05/18/2026 _____

493.  Property located at _____ 3360 Wood Duck Drive NW, Prior Lake, MN 55372 _____.

494.  I agree to sell the Property for the price and on the
495.  terms and conditions set forth above.
496.  **I have reviewed all pages of this Purchase**
497.  **Agreement.**

I agree to purchase the Property for the price and on the terms and conditions set forth above.
**I have reviewed all pages of this Purchase Agreement.**

498.  ☐  **If checked, this Purchase Agreement is subject to**
499.  **attached** *Addendum to Purchase Agreement:*
500.  *Counteroffer* **and the Final Acceptance Date shall be**
501.  **noted on the** *Addendum.*

502.  **FIRPTA:** Seller represents and warrants, under penalty
503.  of perjury, that Seller ☐ **IS** ☑ **IS NOT** a foreign person (i.e., a
------(Check one.)-----
504.  non-resident alien individual, foreign corporation, foreign
505.  partnership, foreign trust, or foreign estate for purposes of
506.  income taxation. (*See lines 436-449.*)) This representation
507.  and warranty shall survive the closing of the transaction
508.  and the delivery of the deed.

509.  X  *Richard J Golinvaux*   05/19/2026
Signed on Click by:
CLhBgv8pwcPe7BF...
(Seller's Signature)                     (Date)

X  *Kirsten Schmidt*   dotloop verified 05/18/26 6:38 PM CDT O4EE-S2DX-ZOPN-ZXXH
(Buyer's Signature)                     (Date)

510.  X  Richard J Golinvaux
(Seller's Printed Name)

X  Kirsten Schmidt
(Buyer's Printed Name)

511.  X  *Renee K Golinvaux*   05/19/2026
Signed on Click by:
CL569RoNMQRkyQ8...
(Seller's Signature)                     (Date)

X  *Jonathan Schmidt*   dotloop verified 05/18/26 6:37 PM CDT HKZQ-BGXT-JPSY-IBSP
(Buyer's Signature)                     (Date)

512.  X  Renee K Golinvaux
(Seller's Printed Name)

X  Jonathan Schmidt
(Buyer's Printed Name)

513.  **FINAL ACCEPTANCE DATE:** _____ 05/19/2026 _____ The Final Acceptance Date
514.  is the date on which the fully executed Purchase Agreement is delivered.

515.  **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
516.  **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

517.  **I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE OPPORTUNITY TO REVIEW THE** *DISCLOSURE*
518.  *STATEMENT: ARBITRATION DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT*,
519.  **WHICH IS AN OPTIONAL, VOLUNTARY AGREEMENT SEPARATE FROM THIS PURCHASE AGREEMENT.**

520.  **SELLER(S)**  *Richard J Golinvaux*
Signed on Click by:
CLhBgv8pwcPe7BF...

**BUYER(S)**  *Jonathan Schmidt*   dotloop verified 05/18/26 6:37 PM CDT OTKH-Y5RG-MWBG-MMZG

521.  **SELLER(S)**  *Renee K Golinvaux*
Signed on Click by:
CL569RoNMQRkyQ8...

**BUYER(S)**  *Kirsten Schmidt*   dotloop verified 05/18/26 6:38 PM CDT ZHDF-W9AC-PZWI-1RNF

MN:PA-12 (8/25)



dotloop signature verification: dtlp.us/itg8-SPXq-bwtT

**DISCLOSURE STATEMENT: ARBITRATION DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT**

50. Page 2

**THIS IS AN OPTIONAL, VOLUNTARY AGREEMENT.**

**READ THE ARBITRATION DISCLOSURE ON PAGE ONE (1) IN FULL BEFORE SIGNING.**

**RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT**

For the property located at _____ 3360 Wood Duck Drive NW _____.

City of _____ Prior Lake _____, County of _____ Scott _____,

State of Minnesota, Zip Code _____ 55372 _____.

Any dispute between the undersigned parties, or any of them, about or relating to material facts affecting the use or enjoyment of the property, excluding disputes related to title issues of the property covered by the Purchase Agreement dated _____ 5/18/2026 _____, including claims of fraud, misrepresentation, warranty and negligence, shall be settled as specified in the Arbitration Disclosure above. National Center for Dispute Settlement shall be the arbitration service provider. The rules adopted by National Center for Dispute Settlement and the Minnesota Association of REALTORS® shall govern the proceeding(s). The rules that shall govern the proceeding(s) are those rules in effect at the time the Demand for Arbitration is filed and include the rules specified in the Arbitration Disclosure on page one (1). This Agreement shall survive the delivery of the deed or contract for deed in the Purchase Agreement. This Agreement is only enforceable if all buyers, sellers and licensees representing or assisting the buyers and sellers have agreed to arbitrate as acknowledged by signatures below. For purposes of this Agreement, the signature of one licensee of a broker shall bind the broker and all licensees of that broker.

Signed on Click by:
*Richard  J Golinvaux*         05/19/2026
(Seller's Signature)          (Date)
CLhBgv8pwcPe7BF...

*Kirsten Schmidt*
dotloop verified
05/18/26 4:21 PM CDT
UX8G-PHUY-JEAM-TFOJ
(Buyer's Signature)          (Date)

Richard J Golinvaux
(Seller's Printed Name)

Kirsten Schmidt
(Buyer's Printed Name)

Signed on Click by:
*Renee K Golinvaux*         05/19/2026
(Seller's Signature)          (Date)
CL569RoNMQRkyQ8...

*Jonathan Schmidt*
dotloop verified
05/18/26 3:20 PM CDT
9B9E-PXEG-QSU3-SBFC
(Buyer's Signature)          (Date)

Renee K Golinvaux
(Seller's Printed Name)

Jonathan Schmidt
(Buyer's Printed Name)

Signed on Click by:
*Daniel Desrochers*         05/19/2026
(Licensee Representing or Assisting Seller)          (Date)
CLAXvmDKkJFYjn9...

*Laura Sima*
dotloop verified
05/18/26 4:17 PM CDT
KKHD-CO5M-QDRC-BDJ0
(Licensee Representing or Assisting Buyer)          (Date)

eXp Realty
(Company Name)

Engel & Volkers Lake Minnetonka
(Company Name)

**THE RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT IS A LEGALLY BINDING CONTRACT BETWEEN BUYERS, SELLERS AND LICENSEES. IF YOU DESIRE LEGAL ADVICE, CONSULT A LAWYER.**

MN:DS:ADRAA-2 (8/25)



EXHIBIT E

| American Land Title Association | ALTA Settlement Statement - Seller |
|---|---|
| | Adopted 05-01-2015 |

**Flex Title Company, LLC**
**ALTA Universal ID:  1224371**
**11314 86th Ave N**
**Maple Grove, MN 55369**

File No./Escrow No.:       MN2605-1557
Print Date & Time:         July 02, 2026 4:17 pm
Officer/Escrow Officer:    Julie Benham
Settlement Location:       11314 86th Ave N
                           Maple Grove, MN 55369
Property Address:          3360 Wood Duck Drive NW
                           Prior Lake, MN 55372
Borrower:                  Jonathan Schmidt and Kirsten Schmidt


Seller:                    Richard J. Golinvaux and Renee K. Golinvaux
                           3360 Wood Duck Drive NW
                           Prior Lake, MN 55372


Settlement Date :
Disbursement Date :

| Description | Seller | |
|---|---|---|
| | **Debit** | **Credit** |
| **Financial** | | |
| Sale Price of Property | | 745,000.00 |
| | | |
| **Prorations/Adjustments** | | |
| Buyer to contribute towards Sellers' closing costs | | 18,000.00 |
| | | |
| **Title Charges and Escrow/Settlement Charges** | | |
| Payoff Handling Fee to Gibraltar Title | 250.00 | |
| Proceeds Handling Fee to Gibraltar Title | 0.00 | |
| Closing Fee - Seller to Flex Title Company, LLC | 600.00 | |
| Processing Fee to Flex Title Company, LLC | 175.00 | |
| Title- Recording Service Fee to Gibraltar Title | 100.00 | |
| HOA Reimbursement to Flex Title Company, LLC | 156.00 | |
| | | |
| **Commissions** | | |
| Broker Admin Fee to eXp Realty | 649.00 | |
| Commission - Listing Agent 2.7% to eXp Realty | 20,115.00 | |
| Commission - Selling Agent 2.7% to Engel & Volkers Minneapolis Downtown | 20,115.00 | |
| | | |

Copyright 2015 American Land Title Association
All rights reserved

File # MN2605-1557/63
Printed on 07/02/26 at 4:17:22 PM by Julie Benham

| Description | Seller | |
|---|---|---|
| | **Debit** | **Credit** |
| **Government Recording and Transfer Charges** | | |
| Conservation Fee to Scott County Recorder | 5.00 | |
| Record Release of Tax Liens to Scott County Recorder | 92.00 | |
| State Deed Tax to Scott County Recorder | 2,458.50 | |
| | | |
| **Payoffs** | | |
| Payoff of First Mortgage Loan to Carrington Mortgage Services | 500,199.14 | |
| Payoff of Second Mortgage Loan to Carrington Mortgage Services | 159,381.12 | |
| | | |
| **Miscellaneous** | | |
| Property Taxes - First Half 2026<br>    $3,811.00 paid outside closing by Seller | | |
| Current Water Bill to City of Prior Lake | 0.00 | |
| Estimated Final Water Bill to City of Prior Lake | 250.00 | |
| Home Warranty to Cinch Home Services | 648.00 | |
| Homeowners Association - Legacy Account Closing Fee to Associa Minnesota | 150.00 | |
| Reimburse DRG for Warranty call to DRG | 200.00 | |
| State Tax Lien payment to MN Department of Revenue | 42,756.52 | |
| IRS to IRS | 19,977.00 | |
| | **Debit** | **Credit** |
| **Subtotals** | 768,277.28 | 763,000.00 |
| **Due from Seller** | | 5,277.28 |
| **Totals** | 768,277.28 | 768,277.28 |

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize Flex Title Company, LLC to cause the funds to be disbursed in accordance with this statement.

Seller

_____

Richard J. Golinvaux

_____

Renee K. Golinvaux

Flex Title Company, LLC

BY:_____
    Julie Benham
    Executive Closer

Copyright 2015 American Land Title Association
All rights reserved

File # MN2605-1557/63
Printed on 07/02/26 at 4:17:22 PM by Julie Benham

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

| | | |
|---|---|---|
| In re: | ) | **Case No. 24-30007-KAC** |
| | ) | Chapter 13 |
| Richard John Golinvaux, and | ) | |
| Renee Karen Golinvaux, | ) | ORDER ALLOWING SALE OF |
| | ) | PROPERTY FREE AND CLEAR OF |
| | ) | LIENS PURSUANT TO SECTION 363(f) |
| | ) | |
| Debtors. | ) | |

_____

This matter came before the court on July 21, 2026, on the debtors' motion for authority to sell real property free and clear of liens and other interests pursuant to 11 U.S.C. section 363(f).    Appearances were noted in the record.    Based upon all the files and proceedings, the court makes the following order:

1.    The debtors' motion for an expedited hearing is granted.

2.    The debtors' motion pursuant to section 363(f) for an order to sell property free and clear of all liens and interests is granted with respect to the real property located at 3360 Wood Duck Drive N.W., Prior Lake, Minnesota 55372, legally described as Lot 24, Block 1, The Wilds Third Addition, Scott County, State of Minnesota.

3.    Carrington Mortgage Servicing LLC, for both mortgages, the Internal Revenue Service, and the Minnesota Department of Revenue are granted replacement liens in the proceeds from the sale referred to above, with the same dignity and priority as held against the real property prior to the sale, and in the amounts of their respective allowed secured claims, as determined by the court's order confirming the chapter 13 plan.

4.    Proceeds from the sale price of $745,000.00 will be distributed in the following approximate amounts, but these amounts will change due to the accrual of interest since such amounts were most recently established:
Payment of customary costs of sale $22,686.22
Payment in full of Carrington first mortgage $500,199.14

Page 1

Payment in full of Carrington second mortgage $159,381.12

Payment in full of Internal Revenue Service secured claim as determined by confirmed plan, $19,977.00 plus 8% interest

Payment in full of Minnesota Department of Revenue as determined by confirmed plan, $42,756.52

The debtors shall cause the amounts listed above to be recalculated as provided in Paragraph 5 herein.

5.     The debtors and their representatives are authorized to take other such actions and to execute and deliver such additional documents as will be reasonably necessary to effectuate the transactions contemplated by the debtors' motion.     This includes calculating the exact amount of each claim against the sale proceeds, based upon the effect of interest having accrued upon the Carrington first and second mortgages, the Internal Revenue Service secured claim, and the Minnesota Department of Revenue secured claim, since the time the figures in Paragraph 4 herein were last calculated, and the effect that any payments received by such entities from the debtors, the chapter 13 trustee, or otherwise, might have had on the remaining amounts due on such secured claims.

6.     Any stay of this order pursuant to Federal Rule of Bankruptcy Procedure 6004(h) shall be waived.

Dated:_____                    _____
                                          Hon. Katherine A. Constantine
                                          Chief U.S. Bankruptcy Judge