UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

In re:                                              Chapter 13

Richard John Golinvaux                              Case No. 24-30007
and Renee Karen Golinvaux,

          Debtors.

MEMORANDUM OF LAW IN OPPOSITION TO DEBTORS' MOTION FOR ORDER ALLOWING SALE OF PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363(f)

THE UNITED STATES OF AMERICA, Internal Revenue Service ("IRS," or collectively, the "Government"), by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Adine S. Momoh, Assistant United States Attorney, submits the following memorandum in opposition to the motion (ECF No. 136), filed on an expedited basis, by Richard John Golinvaux and Renee Karen Golinvaux (the "Debtors") for an order allowing sale of property free and clear of liens pursuant to 11 U.S.C. § 363(f).

**FACTS**[1]

The petition commencing this Chapter 13 case was filed January 3, 2024 (the "Petition Date"). This case is now pending in this Court. The Debtors identified their homestead among the property of the estate in Part 1.1 of their Schedule A/B:

| 1.1 | What is the property? Check all that apply | |
|---|---|---|
| **3360 WOOD DUCK DRIVE NW** | ■ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☐ Manufactured or mobile home | Current value of the entire property?   Current value of the portion you own? |
| **Prior Lake**   **MN**   55372-0000 | ☐ Land | $645,700.00      $645,700.00 |
| City      State      ZIP Code | ☐ Investment property | |
| | ☐ Timeshare | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | ☐ Other _____ | |
| | Who has an interest in the property? Check one | **Homestead** |
| | ☐ Debtor 1 only | |
| **Scott** | ☐ Debtor 2 only | |
| County | ■ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | ☐ At least one of the debtors and another | |
| | Other information you wish to add about this item, such as local property identification number: | |
| | REAL PROPERTY LOCATED IN SCOTT COUNTY AND LEGALLY DESCRIBED AS FOLLWS: LOT 24, BLOCK 1, THE WILDS THIRD ADDITION, SCOTT COUNTY, STATE OF MINNESOTA. | |

---

[1] The Government provides a brief recitation of facts pertinent to the present motion.

The IRS has a secured claim of $19,977.04, an unsecured priority claim of $60,128.23, and a general unsecured claim of $444,313.34 against the Debtors. The total claim is $524,419.61, as set forth in the IRS Amended Proof of Claim (Claim No. 27-3).[2] No objections to the IRS's claims have been filed. Accordingly, the claims are deemed allowed pursuant to 11 U.S.C. § 502(a). The IRS's secured claim is secured by a blanket lien giving the IRS the right to take possession of any or all of the Debtors' real and personal property.

The Debtors filed four Chapter 13 plans,[3] including the first three that the Government objected to and the third that the Court ultimately denied on November 21, 2024. The Government's primary objection was that the Debtors failed to provide adequate protection to the IRS because they failed to provide for any payment on the IRS's secured claim during the period of the plan. *See* 11 U.S.C. § 11 U.S.C. § 1325(a)(5)(B)(iii) ("[I]f . . . . the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.").[4]

Not only did this Court deny the Debtors' plan, but it also ordered the Debtors and the objecting parties to mediation on February 12, 2025. While the Debtors and objecting parties (by and through counsel) participated in the February 12 mediation, negotiations as to the plan's specific language continued via e-mail among counsel into mid-March 2025.

On March 19, 2025, the Debtors filed a modified Chapter 13 plan (ECF No. 104). Specific to treatment of the IRS's secured claim, the plan provided in Parts 9 and 16.6:

---

[2] (Momoh Decl., Ex. C [ECF No. 132-5].)
[3] The Debtors filed preconfirmation Chapter 13 plans at ECF Nos. 18, 46, 73, and 104.
[4] (*See* Objections [ECF No. 77]).

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | IRS | $19,977 | 8% | ☐ | 2/24 | $133 | 32 | | (Interest amount only -- claim to be paid per Part 16.6) $4,256 | |
| 9.2 | MN Dept. of Revenue ($39,700 8% - to be paid at sale) | (See Part 16.6) | | ☐ | | | | | (See Part 16.6) | |
| | | | | | | | | | TOTAL: | $4,256 |

Part 16.6: <u>Secured Claims Held by IRS and Minnesota Revenue; Duty to File Tax Returns and Pay Taxes</u>.

IRS and Minnesota Revenue have secured claims, and **they will retain their liens upon the debtors' homestead real property located at 3360 Wood Duck Drive N.W [sic], Prior Lake, Minnesota, and the personal property, <u>until payment of their claims in full as determined under applicable nonbankruptcy law</u>,** including 8% interest per annum. These claims will be paid in full from proceeds of sale of debtors' homestead real property as described in Part 16.7. With respect to treatment of the IRS's secured claim, per Part 9.1, the IRS will receive from the trustee 8% interest on its claim beginning February 2024 for Month 1 through Month 32. The IRS will receive from the debtors 8% interest on its claim in Month 32 in addition to full payment of its claim from proceeds of sale of debtors' homestead real property as described in Part 16.7.[5]

(Plan [ECF No. 104] at Part 16.6.)

With respect to the sale of the Debtors' homestead, the modified Chapter 13 plan provided

(among other things) that by August 15, 2026, the Debtors "must have a signed purchase agreement

---

[5] The Debtors state that their plan "sought to place a value on the secured and unsecured priority claims owed to the Minnesota Department of Revenue and the Internal Revenue Service." (Mot. [ECF No. 127] ¶ 4.) To the extent that the Debtors contend that the parties negotiated the value of the IRS's secured claim, this is in error and is contrary to the record. The amount of the IRS's secured claim was first identified in the IRS's filed Proof of Claim, which to date no objections have been filed.

to sell the property" and by September 25, 2026, the Debtors "must close a sale of the property and pay Carrington's second mortgage claim in full. There will be no extensions." (*Id.* at Part 16.7.)

On April 16, 2025, pursuant to Local Rule 3015-1, the IRS filed a response of no objection to the modified Chapter 13 plan. On the same day, the Minnesota Department of Revenue and Carrington Mortgage Services withdrew their plan objections as well.

On April 17, 2025, the Court entered an order (the "Confirmation Order") (ECF No. 111) confirming the modified Chapter 13 plan. The Confirmation Order contains no specific terms or provisions concerning the Debtors' homestead or sale of the homestead, specifically, or 363 sales, in general, under 11 U.S.C. § 363(f) or otherwise. No post-confirmation motions to modify the modified Chapter 13 plan are pending.

According to the Debtors, on May 18, 2026, the Debtors signed a purchase agreement to sell their homestead, the Wood Duck Drive property, for $745,000 to a proposed buyer. The Debtors and the proposed buyer (presumably) scheduled the closing for June 24, 2026.

On June 24, 2026, the scheduled date of closing, the Debtors' counsel e-mailed the Government asking, in part, "[W]ill you confirm that the IRS will provide a full release of lien in return for $19,977.00? The closing is scheduled for today, June 24, 2026, a contemplated by the confirmed plan."[6] On June 25, 2026, the Debtors' counsel e-mailed the Government, this time asking, "[C]an you tell me whether . . . you can communicate to the closing staff that the IRS will release the federal tax liens in their entirety once payment is made to the IRS as listed in the plan?"[7] The next day, on June 26, 2026, the Debtors' counsel e-mailed the Government in relevant part:

*          *          *

As most closings do, this one has several different actors, and numerous "moving parts" so to speak, and of course these moving parts must all line up in order for the closing of the sale to happen. In this Golinvaux sale, all other moving [sic] have

---

[6] (Momoh Decl., Ex. A.)
[7] (*Id.*)

successfully aligned, and **the only hold up is the IRS and the question whether it will release all its liens fully once $19,977.00 has been paid as provided for by Paragraph 9.1 of the plan**. From speaking with the closer, it is apparent to me that if your client does not either release the lien or provide some guidance, now, the closing will fall through and there will not be a sale. There are a lot of people involved in this sale, movers on both sides of course, a couple attempting to purchase the property and move into the 3360 Wood Duck Drive NW property, and all of these persons are waiting to know whether the IRS will release its liens upon payment of $19,977.00 as provided for by the plan. **It would not be an exaggeration to say that there are substantial hopes and dreams riding on this sale, and riding on the willingness of the IRS to release its liens at this sale**.

*          *          *[8]

The Government responded to the Debtors' counsel the same day that the Government would follow the terms of the plan. The Government noted that"[t]o seek any additional assurance from the Government borders on improper and inappropriate, and seems as though you or your clients are trying to put an obligation on the Government that extends beyond what the plan terms allow for."[9]

## ARGUMENT

**THE DEBTORS' MOTION SHOULD BE DENIED BECAUSE POST PLAN CONFIRMATION, THE COURT LACKS JURISDICTION TO AUTHORIZE A SALE OF THE DEBTORS' HOMESTEAD FREE AND CLEAR IN THE UNDERLYING BANKRUPTCY CASE.**

This Court should deny the Debtors' motion for two reasons. First, this Court lacks jurisdiction to authorize a sale of the Debtors' homestead free and clear in the underlying bankruptcy case. "A court may not authorize a sale free and clear after plan confirmation, as the property revests upon confirmation in the reorganized debtor and is no longer property of the estate, even though the plan provides for the court to retain jurisdiction to hear any applications to sell the property dealt with by the plan free and clear of liens." 3 *Collier on Bankruptcy* ¶ 363.06 (16th ed. 2022); *see also* 11 U.S.C. § 1327(b) ("Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all property of the estate in the debtor.").

---

[8] (Momoh Decl., Ex. B (emphasis added).)
[9] (*Id.*)

5

The Debtors' modified Chapter 13 plan was confirmed fifteen months ago on April 17, 2025. At that time, all property of the estate—including the Debtors' homestead, vested in the Debtors. And the Debtors' modified Chapter 13 plan neither contemplates nor authorizes the Debtors' homestead being excepted from revesting in the reorganized debtors. The Confirmation Order contains no specific terms or provisions concerning the Debtors' homestead or sale of the homestead, specifically, or 363 sales, in general, under 11 U.S.C. § 363(f) or otherwise. No post-confirmation motions to modify the modified Chapter 13 plan are pending.[10] Thus, because the homestead is no longer property of the estate, Section 363(b)(1) and (f) is inapplicable here, and the relief the Debtors seek must be denied. *Cf. In re Tacoronte*, No. 19-01178 (MAG11), 2022 Bankr. LEXIS 3312 (Bankr. D.P.R. Nov. 23, 2022); *In re Altmeyer*, No. 10-60275, 2014 Bankr. LEXIS 4224 (Bankr. S.D. Ill. Oct. 2, 2014).

Second, the Debtors' motion is an unsuitable vehicle to discharge the Government's federal tax lien. "A tax lien of the United States, or a title derived from the enforcement of a tax lien of the United States, may be discharged or divested under local law only in the manner prescribed in [28 U.S.C. § 2410] or in the manner prescribed in section 7425 of the Internal Revenue Code." 26 C.F.R. § 301.7425-1(a). If the Debtors are seeking to discharge the Government's federal tax lien, the vehicle to do that is not a 363(f) sale but rather to bring a 2410 action under 28 U.S.C. § 2410.

As the Government discussed in its opposition to the Debtors' pending motion to compel (ECF No. 127), the IRS filed its Amended Proof of Claim in the underlying Chapter 13 bankruptcy based on its determination that the Debtors had equity in their real and personal property in the amount of $19,977.04. However, that does not mean that the value of the United States' lien or

---

[10] To the extent the Debtors are using their motion to modify the confirmed modified Chapter 13 plan, this is improper.

that the Debtors' total tax liability is only $19,977.04. To the contrary, the value of the United States' lien is $272,476.97 computed to July 13, 2026, which reflects the amount of the Debtors' accrued tax liability (including interest and penalties) that they have been unable to pay in full for 1040 tax periods ending 12/31/2013, 12/31/2014, 12/31/2015, 12/31/2016, 12/31/2017, 12/31/2019, and 12/31/2020.[11]

However, even if the Debtors were to bring a 2410 action in an attempt to sell their homestead to pay their debts, *see* 28 U.S.C. § 2410(a)(2), they would fail because practically speaking they would lack standing to bring that action. The entity or party to bring a 2410 action seeking to foreclose a mortgage or other lien upon the homestead would be a lienholder, presumably a more senior lienholder. Carrington Mortgage Services is the senior lienholder here.[12]

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny the Debtors' motion and further relief be ordered as may be just and equitable.

Dated: July 20, 2026

<div style="margin-left:40%">

DANIEL N. ROSEN
United States Attorney

*s/ Adine S. Momoh*

BY: ADINE S. MOMOH
Assistant U.S. Attorney
Attorney ID Number 0390085
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Email: Adine.Momoh@usdoj.gov

Attorneys for the United States of
  America, Internal Revenue Service

</div>

---

[11] (Kraus Decl. [ECF No. 132-1] ¶¶ 4-5; Momoh Decl., Exs. E, F, and G .)

[12] And if a 2410 action were to be brought and the Government were not joined as a party, the Government's federal tax lien cannot be disturbed via a 2410 action because the Government properly filed and recorded the subject federal tax lien before the action commenced. *See* 26 U.S.C. § 7425(a)(1).

7